UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RANDALL J. SANDONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-2232 |
| | ) | |
| ABN AMRO HOLDING N.V., Amsterdam, a | ) | The Honorable Judge Harold A. |
| Dutch corporation; ABN AMRO BANK | ) | Baker |
| N.V., Amsterdam, a Dutch corporation; and | ) | |
| ABN AMRO VENTURES B.V., Amsterdam, | ) | |
| a Dutch corporation, | | |
| | | |
| Defendants. | | |

**AMENDED COMPLAINT**

**(Class Action – Breach of Fiduciary Duty by ABN AMRO)**

COMES NOW plaintiff by and through his attorneys Joseph W. Phebus, Gary D. Forrester, and Daniel J. Pope of Phebus & Koester, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure hereby amends as of right his Complaint filed in this Court on October 29, 2004, in that no responsive pleading has been served and this action has not been placed on the trial calendar, and pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure brings this claim as a class action against Defendants ABN AMRO HOLDING N.V., Amsterdam, a Dutch corporation; ABN AMRO BANK N.V., Amsterdam, a Dutch corporation; and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation, and avers:

1. This Court has jurisdiction pursuant to 28 U.S. Code Section 1332 in that:

    A.   Plaintiff is a citizen of the State of Illinois.

1

      B.      Defendants are corporations organized under the laws of the Netherlands with their principal offices in the Netherlands, and accordingly are citizens of a foreign state.

      C.      The amount in controversy exclusive of interest and costs is in excess of $75,000.

    2.      Pursuant to 28 U.S. Code Section 1391, this Court has venue in that a substantial part of the events or omissions giving rise to the claim occurred in its territorial jurisdiction including Champaign County, Illinois.

    3.      Plaintiff at all relevant times was a shareholder of Argus Systems Group, Inc., an Illinois corporation.

    4.      On information and belief, Defendant ABN AMRO BANK N.V. is a subsidiary of Defendant ABN AMRO HOLDING N.V., and at all relevant times Defendant ABN AMRO HOLDING N.V.'s interest in Defendant ABN AMRO BANK N.V. was 100% or almost 100%, and therefore the acts or omissions of Defendant ABN AMRO BANK N.V. were at all relevant times the acts and omissions of its principal Defendant ABN AMRO HOLDING N.V.

    5.      On information and belief, Defendant ABN AMRO VENTURES B.V. is a subsidiary of Defendant ABN AMRO BANK N.V. and at all relevant times Defendant ABN AMRO BANK N.V.'s interest in ABN AMRO VENTURES B.V. was 100% or almost 100%, and therefore the acts or omissions of Defendant ABN AMRO VENTURES N.V. were at all relevant times the acts and omissions of its principal Defendant ABN AMRO BANK N.V. and of ABN AMRO HOLDING N.V.

    6.      Unless otherwise stated, the three Defendants are collectively referred to herein as "ABN AMRO."

7. At all relevant times, ABN AMRO was doing business in the State of Illinois, including but not limited to engaging in financial transactions including acquisitions and lending in the State of Illinois and elsewhere in the United States.

8. On May 23, 2003, Mercurius Beleggingsmaatschappij B.V., a Dutch corporation ("Mercurius") with the assistance of ABN AMRO filed a petition in the Bankruptcy Court for the United States District Court for the Central District of Illinois forcing Argus into bankruptcy primarily, if not exclusively, for the benefit of Argus's two primary creditors, ABN AMRO and Mercurius, the interests of which as creditors have a priority over the interests of shareholders in the bankruptcy proceeding and accordingly the plaintiff as a shareholder has standing to bring a direct action for the benefit of shareholders.

9. Pursuant to a "Voting Agreement" made on December 3, 2001, between ABN AMRO, Mercurius, plaintiff and others, and thereafter approved by Argus's shareholders, ABN AMRO had the right to appoint one member of Argus's Board of Directors. Attached hereto and marked as "Exhibit 1" is a copy of the said Voting Agreement.

10. Thereafter, in or about January, 2002, ABN AMRO appointed one of its employees, Keith Walz, as its member on Argus's Board of Directors pursuant to the Voting Agreement.

11. At all relevant times thereafter, Keith Walz was a member of the Board of Directors of Argus.

12. At all relevant times, Keith Walz was an employee of ABN AMRO.

13. At all relevant times, while serving as a director of Argus, Keith Walz was in the course and scope of his employment with ABN AMRO, and accordingly ABN AMRO is liable for his acts or omissions complained of herein under the doctrine of *respondeat superior.*

14. At all relevant times, ABN AMRO and Mercurius had loans to Argus which loans from their inception were intended to be converted to equity, and at relevant times totaled approximately $12 million.

15. Conversion of said debt to equity would have provided ABN AMRO and Mercurius with sufficient shares of stock to allow them to accomplish one of their goals, to-wit: the removal of plaintiff as president and chief executive officer of Argus.

16. While the conversion of debt to equity would have been to the financial detriment of ABN AMRO and Mercurius under the then-circumstances of Argus, the conversion would have been advantageous to Argus's shareholders in that it would have reduced by approximately $12 million Argus's outstanding debt thereby increasing Argus's likelihood of survival and success.

17. As a director of Argus, Walz owed a fiduciary duty to the shareholders of Argus to:

    A. Refrain from utilizing his office as director in a manner contrary to the best interest of Argus;

    B. Put the interests of all of its shareholders ahead of the best interests of creditors such including ABN AMRO;

    C. Not disclose confidential Argus information to ABN AMRO and third parties;

  D.  Not manipulate the management and operation of Argus contrary to the best interest of Argus but for the benefit of creditors including ABN AMRO;

  E.  Exercise good faith and fair dealing toward Argus and all of its shareholders in his performing his duties and obligations as a director.

  F.  Comply with the by-laws of Argus;

  G.  Comply with the contractual obligations of Argus;

  18.  Keith Walz, in the course and scope of his employment with ABN AMRO, violated his aforesaid fiduciary duties in one or more of the following ways or a combination thereof:

  A.  Intentionally and unjustifiably interfered with and undermined management of Argus for the benefit of creditors including ABN AMRO.

  B.  Intentionally disclosed confidential information concerning Argus to ABN AMRO and Mercurius for the purpose of interfering with management of Argus.

  C.  Disclosed confidential information concerning Argus to ABN AMRO and Mercurius with the intent of manipulating the management and operation of Argus for the benefit of ABN AMRO and Mercurius.

  D.  Conspired with ABN AMRO and Mercurius to remove plaintiff as president and chief executive officer without converting approximately $12 million of debt financing into equity in Argus stock.

  E.  For the benefit of ABN AMRO, failed to comply with the by-laws of Argus.

  F.  For the benefit of ABN AMRO, failed to comply with the contractual obligations of Argus.

  G.  Failed to exercise good faith and fair dealing toward Argus and all of its shareholders in his performing his duties and obligations as a director.

      H.      Failed to undertake action to compel ABN AMRO and Mercurius to convert their debt financing into equity.

      I.      Blocked attempts to obtain additional financing by Argus from third parties.

      J.      With the aide and assistance of defendant, directly and through Keith Walz, Mercurius filed a petition in bankruptcy court resulting in the involuntary bankruptcy of Argus.

19. Plaintiff brings its claims pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure seeking certification of a class defined as follows or as the court may otherwise define:

> All shareholders of Argus as of the time it filed bankruptcy on May 23, 2003.
>
> Excluded from the class are (1) ABN AMRO and its directors, officers, agents and employees; (2) Mercurius and its directors, officers, agents and employees; (3) Former Director Paul McNabb and his spouse, children, relatives and in-laws; (4) Former Director William O'Neill and his spouse, children, relatives and in-laws.

20. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the prerequisites for the maintenance of a class action are satisfied in that:

      A.      The class is so numerous that joinder of all members is impracticable, thus satisfying the requirement of Rule 23(a)(1) in that at all relevant times, to plaintiff's knowledge, information and belief, there were more than 50 persons or entities who were shareholders of Argus.

      B.      There are questions of fact or law common to the class which predominate over any questions affecting only individual members thus satisfying the requirement of Rule 23(a)(2), which common predominant questions include:

            (1)      The nature and extent of the fiduciary duty owed by Walz to Argus and all of its shareholders;

    (2)    ABN AMRO's responsibility under the doctrine of *respondeat superior*;

    (3)    Whether Walz violated the fiduciary duty;

    (4)    The damages to the shareholders.

C.    The claims of the plaintiff are typical of the claims of the class and accordingly the requirement of Rule 23(a)(3) is met.

D.    The plaintiff will fairly and adequately protect the interest of the class. Accordingly the requirement of Rule 23(a)(4) is met in that: Plaintiff is a member of a class he seeks to represent and will adequately and fairly protect the interests of the class. The interest of the plaintiff is coincident with, and not antagonistic to, the interests of the other members of the class. Plaintiff has retained attorneys who are experienced in complex litigation, including class actions involving breach of consumer contracts and consumer fraud.

E.    The requirements of Rule 23(b)(3) are met in that:

    (1)    The aforesaid questions of law or fact common to members of the class predominate over any questions effecting only individual members;

    (2)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy;

    (3)    The labor and expense of an individual action would be disproportionately large as to the amount of potential recovery for a substantial number of the putative class members;

    (4)    No other litigation concerning this controversy has been commenced against the defendant by any member of the putative class;

    (5)    Litigation of claims by individual class members would produce a multiplicity of cases that would further burden already congested court dockets while proceeding as a class action, by contrast, provides a mechanism for efficient adjudication of

> substantially all claims arising out of the conduct of the defendant.
>
> (6) While the members of the class are numerous, manageability difficulties are not anticipated. The identities of all class members are known from the corporate records of Argus as well as the amount of stock each class member owned.

21. By virtue of the foregoing, plaintiff and the putative class members were damaged in that Argus was undermined in its ability to conduct its business affairs, and as a result, Argus's business suffered, and as a result, the class members were damaged in that they received no dividends and the value of the stock ultimately declined to worthless, and the corporation was forced into bankruptcy, and it was unable to have an initial public offering which would have substantially compensated the class members all of whom were start-up investors.

WHEREFORE, Plaintiff prays:

1. This claim be certified as a class action with plaintiff as class representative and his attorneys as class counsel;

2. For a judgment on behalf of the class and against Defendants in the amount of $60 million;

3. For costs of suit;

4. Such other and further relief in the premises as may be appropriate;

5. Demands a trial by jury.


RANDALL J. SANDONE, Plaintiff, by his attorneys, JOSEPH W. PHEBUS, GARY D.

        FORRESTER and DANIEL J. POPE of the law firm of PHEBUS & KOESTER

        s/Joseph W. Phebus

        s/Gary D. Forrester

        s/Daniel J. Pope

## JURY DEMAND

COMES NOW Plaintiff Randall J. Sandone, by his attorneys, Joseph W. Phebus, Gary D. Forrester, and Daniel J. Pope of the law firm of Phebus & Koester, and hereby demands a trial by jury on the issues in this cause.

        RANDALL J. SANDONE, Plaintiff, by his attorneys, JOSEPH W. PHEBUS, GARY D. FORRESTER and DANIEL J. POPE of the law firm of PHEBUS & KOESTER

        s/ Joseph W. Phebus

        s/ Gary D. Forrester

        s/ Daniel J. Pope

PHEBUS & KOESTER  
136 West Main Street  
Urbana, Illinois 61801  
(217) 337-1400  
*f:\docs\joe\sandone\abn amro\am complaint--federal.doc*