IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ARGUS SYSTEMS GROUP, INC., | ) | No. 03-91852 |
| | ) | |
| Debtor. | ) | Hon. Gerald D. Fines |

**ABN AMRO PRIVATE EQUITY'S OPPOSITION TO RANDALL J. SANDONE'S
EMERGENCY MOTION FOR ORDER OF ASSIGNMENT**

COMES NOW creditor ABN AMRO Private Equity and opposes Randall J. Sandone's Emergency Motion to divest the trustee of his exclusive authority to pursue a suit for diminution of corporate value. Mr. Sandone has failed to articulate a single ground for seeking this extraordinary relief. He has not, and cannot, establish that the Trustee has *unjustifiably refused* to bring the shareholder claim Mr. Sandone wishes to assert. Nor can Mr. Sandone establish that the claim would be colorable. On the eve of the conclusion of this bankruptcy, Mr. Sandone is simply wasting the time of this Court, the Trustee, and the creditors of Argus Systems Group, Inc. Accordingly, ABN AMRO Private Equity strongly urges this Court to deny Mr. Sandone's Emergency Motion.

**FACTUAL BACKGROUND**

Mr. Sandone has sued ABN AMRO Holding, N.V., ABN AMRO Bank, N.V., and ABN AMRO Ventures, B.V. (the "ABN AMRO Defendants") – three Dutch corporations – in the United States District Court for the Central District of Illinois. ABN AMRO Private Equity is a business division of ABN AMRO Bank, N.V.

Mr. Sandone's Amended Complaint (attached as Ex. 1 to the Emergency Motion) alleges that Keith Walz, a member of Argus's board of directors, breached his fiduciary duties to Argus, resulting in the destruction of Argus's corporate value and its ultimate bankruptcy. Mr. Sandone seeks to hold the ABN AMRO Defendants liable on the theory that Walz was allegedly acting

Exhibit "E"

within the scope of his employment with the ABN AMRO Defendants when he breached his fiduciary duties to Argus. Sandone's claim is brought on behalf of a putative class of all Argus shareholders, excluding the ABN AMRO Defendants, Mr. Walz, creditor Mercurius Beleggingsmaatschappij, B.V., and former board members Paul McNabb and William O'Neill and their families.[1] (*Id.* ¶ 19.)

On March 18, 2005, the ABN AMRO Defendants filed a Motion to Dismiss the Amended Complaint (attached to the Emergency Motion as Ex. 2). One of several bases for that Motion was the simple fact that the authority to bring an action for diminution of shareholder value is now vested *exclusively* in the Trustee for the estate of Argus. Mr. Sandone's response to the Motion to Dismiss is due on April 14. Mr. Sandone has now filed a two-page Emergency Motion[2] to divest the Trustee of his exclusive authority to bring a claim for diminution of shareholder value, even as Mr. Sandone continues to deny that his claim is in fact a shareholder derivative claim.

## ARGUMENT

Mr. Sandone's claim is plainly derivative in nature and is now vested exclusively in the bankruptcy trustee. Controlling Seventh Circuit case law dictates that divesting the Trustee's exclusive authority is an extraordinary remedy that may only be granted if the creditor seeking divestment proves that the Trustee "was shirking his statutory responsibilities." *In re Xonics Photochemical, Inc.*, 841 F.2d 198, 203 (7th Cir. 1988). Here, Sandone has made no *allegation*, much less presented convincing evidence, that the Trustee has shirked his statutory

---

[1] The ABN AMRO Defendants and Messrs. Walz, McNabb, and O'Neill have also been sued by Mr. Sandone in the Circuit Court of the Sixth Judicial Circuit in Champaign County, Illinois. *See Sandone v. Walz, et al.*, No. 02-L-0272 (filed Nov. 27, 2002).

[2] Mr. Sandone's Emergency Motion makes several references to a "draft order" but there is no draft order included in the electronic docket.

responsibilities by not bringing a "breach of fiduciary duty" claim against the ABN AMRO Defendants. Moreover, Mr. Sandone has failed to establish – and indeed, he cannot establish – that he has a viable claim against the ABN AMRO Defendants. His respondeat superior theory has been soundly rejected by the courts that have considered it.

### A.   Sandone's Class-Action Complaint for Diminution of Shareholder Value Is Derivative in Nature.

The question whether a suit is derivative by nature or may be brought by a shareholder in his own right is governed by the law of the state of incorporation. *See Kennedy v. Venrock Assocs.*, 348 F.3d 584, 589 (7th Cir. 2003), *cert denied*, 124 S. Ct. 1889 (2004); *Frank v. Hadesman & Frank, Inc.*, 83 F.3d 158, 159 (7th Cir. 1996). Argus is an Illinois corporation, so Illinois law applies.

Illinois law is clear that a shareholder claim based on diminution of corporate share value is derivative and may only be brought on behalf of the corporation. *See Small v. Sussman*, 713 N.E.2d 1216, 1219-20 (Ill. App. Ct. 1st Dist. 1999) (holding that shareholder's suit against director and dominant shareholder for waste of corporate assets and diminution in share value was derivative); *Cashman v. Coopers & Lybrand*, 623 N.E.2d 907, 911 (Ill. App. Ct. 2d Dist. 1993) ("The corporation ceases to be a going concern, which necessarily results in the shareholders' stock becoming devalued. The corporation is the logical entity to pursue a claim . . . and to share its recovery with its stockholders if it prevails."). This is precisely Mr. Sandone's claim: he alleges that, by the actions of a rogue director, Mr. Walz, "class members were damaged in that they received no dividends and the value of the stock ultimately declined to worthless, and the corporation was forced into bankruptcy, and it was unable to have an initial public offering which would have substantially compensated the class members all of whom

were start-up investors."[3]  (Am. Cmplt. ¶ 21)  By bringing a derivative claim, Sandone lacks standing to sue in his own right.

It is true that in limited circumstances, a shareholder who suffers an injury *distinct* from other shareholders has standing to bring a non-derivative action on his own behalf. *See Frank*, 83 F.3d at 160; *Small*, 713 N.E.2d at 1220-21. But Mr. Sandone has alleged nothing of the sort:

- Mr. Sandone's damages allegation is limited to diminution of Argus's corporate value: "[T]he class members were damaged in that they received no dividends and the value of the stock ultimately declined to worthless, and the corporation was forced into bankruptcy, and it was unable to have an initial public offering which would have substantially compensated the class members all of whom were start-up investors." (Am. Cmplt. ¶ 21)

- Mr. Sandone alleges class damages, not any individual damages (meaning, of course, that if the Court denies class certification, there will be no amount in controversy and thus no subject matter jurisdiction). (*Id.*)

- Mr. Sandone does not allege that Defendants reaped benefits from Walz's actions in their role as shareholders, but rather in their role as *creditors*. (*Id.* ¶ 8)

- Mr. Sandone alleges that he "as a shareholder has standing to bring a direct action [sic] for the benefit of shareholders." (*Id.* ¶ 8).

- Mr. Sandone seeks class certification and holds himself out as an appropriate class representative. (*Id.* ¶ 20.D)

Moreover, simply by filing a class action, Mr. Sandone has conceded that he has no distinct injury. In sum, Mr. Sandone has failed to allege that his individual injury was distinct from the injury suffered by other shareholders.[4] Accordingly, he lacks standing to bring this claim on his own behalf.

---

[3] Mr. Sandone's alleged class includes all Argus shareholders minus those he views as wrongdoers: the ABN AMRO Defendants, Mercurius, and the other defendants in Sandone's state court action (Messrs. Walz, McNabb, and O'Neill). (Am. Cmplt. ¶ 19.)

[4] If Sandone *had* alleged an injury to himself separate and distinct from the injury to other shareholders, he would not be an appropriate shareholder representative. *See* Fed R. Civ. P. 23.1 ("The derivative action many not be maintained if it appears that the plaintiff does not

### B. Sandone's Claim Is Now Vested Exclusively in the Trustee.

Argus's bankruptcy divested Sandone of standing to sue derivatively. With the filing of Argus's Chapter 7 bankruptcy petition, Sandone's claim became the property of Argus's bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (stating that the property of the estate includes, with limited exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case"); *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993) ("every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541"); *see also Kennedy*, 348 F.3d at 589 (noting that a derivative suit "is an asset of the corporation – which means that if, as in this case, the corporation is in bankruptcy, the suit is an asset of the bankrupt estate"). From then forward, the authority to bring this breach-of-fiduciary-duty claim vested exclusively in the bankruptcy trustee. As the Seventh Circuit observed in *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1343 (7th Cir. 1987) (emphasis added):

> It has also long been held that rights of action against officers, directors and shareholders of a corporation for breaches of fiduciary duties, which can be enforced by either the corporation directly or the shareholders derivatively before bankruptcy, become property of the estate *which the trustee alone has the right to pursue after the filing of a bankruptcy petition.*

*Accord Wright v. Abbott Capital Corp.*, 398 N.E.2d 1147, 1149-50 (Ill. App. Ct. 1st Dist. 1979) (holding that plaintiff lacked standing to assert derivative suit on behalf of corporation once the corporation went into bankruptcy). Only the bankruptcy trustee, and not Mr. Sandone, can bring the claims in Mr. Sandone's Amended Complaint.[5] *See In re Perkins*, 902 F.2d 1254, 1258 (7th

---

fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.").

[5] Should the bankruptcy case be dismissed, Sandone will not thereby gain standing to sue Defendants directly. It is well established that the exclusive authority of the bankruptcy trustee to bring an action for diminution of corporate value does not "re-vest" in the

Cir. 1990) ("When a third party tries to assert an action still vested in the trustee, the court should dismiss the action.").

### C. Sandone's Motion Fails to Establish Any Grounds for Divesting the Trustee of His Exclusive Authority.

It is well established under Seventh Circuit law that a trustee may be divested of his exclusive authority only under extremely narrow circumstances, namely "when (a) the trustee *unjustifiably* refuses a demand to pursue the action; (b) the creditor establishes a colorable claim or cause of action; and (c) the creditor seeks and obtains leave from the bankruptcy court to prosecute the action for and in the name of the trustee." *Perkins*, 902 F.2d at 1258 (emphasis added); *see also Xonics Photochem., Inc.*, 841 F.2d 198, 203 (7th Cir. 1988) (holding that a trustee may only be divested of his exclusive authority where a creditor proves the trustee "was shirking his statutory responsibilities"). These conditions have not been met.

*First*, Sandone's Emergency Motion does not even allege, much less provide convincing evidence, that the Trustee *unjustifiably refused* any demand by Sandone to pursue claims against the ABN AMRO Defendants.

Even if Sandone did make such a demand, the Trustee would be well within his rights to refuse to pursue the claim because the claim would be baseless, untimely, and a waste of the estate's funds. This bankruptcy is on the eve of dismissal, and the estate and creditors have a strong interest in winding it up.

*Second*, the estate has no colorable claim against the ABN AMRO Defendants. As the ABN AMRO Defendants' Memorandum in Support of their Motion to Dismiss the Amended Complaint shows, Sandone's respondeat-superior theory of liability against the ABN AMRO

---

shareholders after the conclusion of the bankruptcy. *See, e.g., Poliquin v. Sapp*, 390 N.E.2d 974, 977 (Ill. App. Ct. 1979) (dissolution of corporation prior to commencement of an action against directors did not serve to create individual right of action in shareholders).

Defendants has been definitively rejected by courts across the United States. (Mem. at pp. 9-11, attached hereto as Ex. A.) *See CCBN.com, Inc. v. Thomson Financial, Inc.*, 270 F. Supp. 2d 146, 151-52 (D. Mass 2003) (defendant could not be held liable on respondeat superior theory for the alleged breach of fiduciary duty by its designee on the plaintiff's board of directors); *Medical Self Care, Inc. v. Nat'l Broad. Co., Inc.*, 2003 WL 1622181, *7 (S.D.N.Y. Mar. 28, 2003) (same); *U.S. Airways Group, Inc. v. British Airways PLC*, 989 F. Supp. 482, 494 (S.D.N.Y. 1997) (same); *Emerson Radio Corp. v. Int'l Jensen Inc.*, 1996 WL 483086, *20 n.18 (Del. Ch. Aug. 20, 1996) (same).

## **CONCLUSION**

In sum, Mr. Sandone has not articulated (nor could he) a single grounds for divesting the Trustee of his exclusive authority to bring an action for diminution of shareholder value. He has not even alleged that the Trustee "was shirking his statutory responsibilities." Moreover, Mr. Sandone cannot establish that the Trustee could bring a colorable claim against the ABN AMRO Defendants. Accordingly, ABN AMRO Ventures respectfully requests that this Court deny Mr. Sandone's Emergency Motion.

Date:   April 11, 2005                                    Respectfully submitted,

s/ Kingshuk K. Roy
Kingshuk K. Roy
HEYL ROYSTER VOELKER & ALLEN
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL 61803-0129
(217) 334-0060
*Attorneys for ABN AMRO Private Equity*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary D. Forrester, Esq.
Joseph W. Phebus, Esq.
Daniel J. Pope, Esq.
PHEBUS & KOESTER
136 W. Main St.
Urbana, IL 61801

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Stephen P. Miller, Esq., Bankruptcy Trustee
11 E. North Street
Danville, IL 61832

James W. Evans, Esq.
Evans, Froehlich, Beth & Chamley
44 Main Street, Suite 310
Champaign, IL 61820

                                                  s/ Kingshuk K. Roy
                                                  Kingshuk K. Roy
                                                  HEYL ROYSTER VOELKER & ALLEN
                                                  Attorneys for ABN AMRO Private Equity
                                                  102 E. Main Street, Suite 300
                                                  P.O. Box 129
                                                  Urbana, IL 61803-0129
                                                  Ph: (217) 334-0060
                                                  Fax: (217) 334-9295
                                                  kroy@hrva.com