**E-FILED**
Monday, 25 April, 2005  01:53:57 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| IN THE MATTER OF: | . Case #03-91852 |
| ARGUS SYSTEMS GROUP, INC. | . Danville, Illinois |
| | . **April 13, 2005** |
| Debtors | . |

===============================

### TRANSCRIPT  OF  HEARING ON:
### MOTION FOR APPROVAL/AUTHORITY; OBJECTION THERETO
### BEFORE THE HONORABLE GERALD D. FINES, J.U.S.B.C.

**APPEARANCES**:

Trustee for the Bankruptcy Estate:

STEVEN MILLER, ESQ.
11 E. North Street
Danville, IL  61832

For ABN Amro Private Equity:

EDWARD WAGNER, ESQ.
Heyl, Royster, Voelker & Allen
102 E. Main Street,  Suite 300
P.O. Box 129 (ZIP 61803-0129)
Urbana, IL  61801

For Randall J. Sandone, et al:

GARY D. FORRESTER, ESQ.
Phebus & Koester
136 W. Main Street
Urbana, IL  61801

Electronic Sound Recording Operator:   Evette Phillpott

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Certified Transcription Service

## GCI TRANSCRIPTION SERVICES
**210 Bayberry Avenue**
**Egg Harbor Township, NJ  08234-5901**
**1-609-927-0299       FAX 1-609-927-6420       1-800-471-0299**
**e-mail - irwingloria@comcast.net**

1  (At Tape #1,   Index #215.  9:10 a.m.)

2          CLERK:  Case #03-1852.  Argus Systems Group.  May I

3  have appearances, please.

4          MR. MILLER:   Steve Miller, Trustee.

5          MR. WAGNER:   Ed Wagner, Your Honor, for ABN Amro

6  Private Equity.

7          MR. FORRESTER:   My name is Gary Forrester, and I'm

8  here for the people who filed the motions, Mr. Sandone, and

9  there are three of the other shareholders.  They are here to

10 support his motion, and I do have a filing that I'd like to

11 hand deliver, if I could, up to  Mr. Wagner.

12         THE COURT:   Okay.  Okay.  I've read everything

13 that's been filed, but what's -- what's the Trustee's position

14 on this?

15         MR. MILLER:   Well, Your Honor, I have made a

16 distribution pursuant to this Court's order of all the proceeds

17 that I had in my hands, and I believe my bank account is at a

18 zero balance.  I'm ready to file a TDR and wind this matter up

19 completely, and certainly I am not a party that's joining in

20 this effort.

21         This is the first time that this has happened in

22 fourteen-and-a-half years of me being Trustee, where somebody

23 wants to buy something from me, and I really have no intention

24 of trying to sell something.  I don't know if I even have

25 something to sell, to be completely candid.  So I am not in

26 favor of the Argus case being prolonged.  I would rather move

 1   to closing, and I think, you know, this is a fight between

 2   shareholders I frankly want no part of.

 3                THE COURT:   And they're already in District Court--

 4                MR. MILLER:   Right.

 5                THE COURT:   -- isn't that correct?

 6                MR. FORRESTER:   The shareholders are in District

 7   Court, but that's been challenged.   There are jurisdictional

 8   challenges, and then there is this matter that affects whether

 9   we go forward in the District Court.

10                If I could approach, Your Honor, I do have an

11   additional pleading.   I only received their pleading yesterday

12   about two o'clock in the afternoon --

13                THE COURT:   Go right ahead.   Yes.

14                MR. FORRESTER:   -- prepared something briefly for

15   Your Honor.   I've got one for Mr. Miller as well.

16                In a nutshell, Your Honor, this is -- I'm just

17   handing it to you, but it shows there are several other

18   shareholders who join in this motion.   Some of them are in

19   court here today, and further it takes issue with the filing

20   yesterday by a -- something ABN Amro Private Equity is not

21   party to the other federal case, but they made a filing here

22   challenging the derivative nature of the other cases before the

23   Central District, and we dispute that.

24                Your Honor, that -- and I would like to make a brief

25   submission about what brings us here, if I could.

26                THE COURT:   Okay.

1        MR. MILLER:    Excuse me, Your Honor, I've got a bad

2  back.    May I sit down?

3        THE COURT:    Go ahead.

4        MR. MILLER:    Thank you.

5        MR. FORRESTER:    A couple of things, Your Honor.    I

6  spoke with Mr. Miller -- I don't remember the exact date

7  offhand, but I remember we interrupted the call because Mr.

8  Miller was receiving some Final Four tickets on that occasion,

9  so it's right around the time of the Final Four.    And I asked

10 if he would be willing to make an assignment, just on the basis

11 of our discussion; and with no criticism of him whatsoever, he

12 was unwilling to do so.    He does want to bring this matter to

13 conclusion, and I gave this some thought, talked it over with

14 my client, and decided to present the emergency motion, hoping

15 we could do it that way and that the matter could be assigned.

16        There's no intent to prolong these proceedings.    The

17 only intent is to preserve for the shareholders, Mr. Sandone --

18 the others who have joined him -- preserve for them the right

19 to go forward without the attack that this is really the

20 bankruptcy Trustee's action to bring it (unclear) because if

21 that happens there's -- but it's not going to happen, and the

22 shareholders will be left with no remedy whatsoever.

23        This was prompted by a deposition, this action in the

24 Central District in Champaign.    We deposed a Mr. Keith Walls on

25 July 27, 2004, and as a result of that deposition we filed the

26 action in Central District, not against ABN Amro Private

1  Equity, whatever that is, but against three other of these

2  Dutch companies, on the basis that Mr. Walls testified -- and I

3  -- as an officer of the Court, I'll read from his deposition,

4  he recommended to a fellow Dutch company that Argus should take

5  Chapter 11 bankruptcy -- this is while he was sitting on the

6  Argus board.  He didn't report to the Argus board all these

7  communications because he thought they were confidential, and

8  he was wearing ABN Amro's hat.

9          He testified at page 151 of his deposition that his

10  actions were intended to disrupt Argus management.  He

11  testified that, on page 162, that he recommended to ABN Amro

12  that they do things to protect their position, including

13  forcing Argus into bankruptcy -- this is *his* testimony.  He

14  testified as page 163 and 164,

15              "Let's call the notes of the company that I am on the

16              board of, which we know won't be in a position to pay

17              it,"

18  -- so that the Dutch companies could then put Argus into

19  bankruptcy."

20  At page 165 he wanted to push Argus into bankruptcy.

21          In a nutshell, this is an officer, an employee of

22  this company, sitting on the Argus board, who, by his own

23  admission, pushed Argus into bankruptcy, or had a role in that,

24  intentionally so -- disrupted management, and the shareholders

25  now simply wish to bring this action, are bringing this action

26  in the Central District to try to remedy this situation -- not

1  in a derivative manner.  They don't want to do this on behalf
2  of Argus.  They want to do this because they're out of pocket.
3  They've lost money, and that's the gravamen of their case, Your
4  Honor.

5          THE COURT:   Okay.  Response.

6          MR. WAGNER:    Thank you, Your Honor.  No matter what
7  individual complaints or allegations Mr. Sandone, through Mr.
8  Forrester is making to you, he is wanting you to be some sort
9  of civil mediator, arbitrator, or Judge.  He has certain
10 responsibility when he brings a motion for assignment before
11 the Court, and that is to, one, show that the Trustee has
12 basically been guilty of misconduct; has been unjustifiably
13 refusing to bring this claim; and that his claim is colorable.

14         We have shown the Court in our response that neither
15 is true.  Also, Mr. Forrester, by his filings as well as by his
16 words today, wants you to assign to him the claim that he is
17 going to oppose the merits of tomorrow.  He's still saying it's
18 not a derivative claim that he's going to pursue in federal
19 court; however, what he wants you to do is assign to him a
20 derivative claim, so he is going to oppose and contradict
21 exactly what he wants you to assign to him today.

22         ABN Amro Private Equity does have standing in this
23 Court.  They are a creditor on the list, and we are objecting
24 and we ask that the Court follow the Trustee's recommendation
25 to deny the motion for assignment.  Thank you.

26         THE COURT:   Okay.  Any -- okay.

1       MR. FORRESTER:    Just in brief response, Your Honor,

2   there is really no reason not to do this.    In my respectful

3   submission, Mr. Miller did not choose to, did not want to;

4   that's not a suggestion he acted improperly, but it's a

5   suggestion that the reality of the situation is such that the

6   only way for these shareholders to protect their individual

7   rights is to proceed with this lawsuit; and if there is going

8   to be a derivative challenge, which, in fact, there is, the

9   only way to nullify that is by making an assignment.    That's no

10  longer an issue.    We look in the other court at the merits of

11  the case.    It's really just a situation of making sure that

12  these individuals who have arguably lost money as a result of

13  this foreign company's conduct have a chance to make their case

14  in court without the distraction of this bankruptcy proceeding,

15  which was basically forced on them by the conduct of the

16  defendants, that that doesn't interfere with their right to

17  proceed.

18       It boils down to a question of why not do this, Your

19  Honor, so that they can proceed before the Court in the Central

20  District before Judge Baker and make their case and let the

21  Court rule over there.    The assignment just -- just removes

22  that possible impediment.

23       In fact, the fact that ABN Amro is here arguing

24  against this I think speaks volumes about what's going on.

25  They want this thing stuck in its tracks so that these people

26  are basically denied any right to proceed and to make their

1  case.  That's what they're trying to do:  Stop it at the

2  barnyard door, and we're simply asking for this Court to direct

3  that Mr. Miller transfer it so that we proceed.  Thank you,

4  Your Honor.

5          THE COURT:    Okay.  I'm inclined to deny the motion

6  and allow the objection.  I think the objection is correct.

7  I've read everything, I've heard all the arguments.  You have

8  something you want to say, Mr. Miller?

9          MR. MILLER:    I was just going to add, Your Honor,

10  that when I sold the assets of this corporation last summer, I

11  haven't examined that contract.  I apologize for not having

12  done that, but there were a lot of things thrown into that

13  contract.  I didn't prepare it, but we intended to sell all of

14  the assets, if you will, of the corporation.  It may even be

15  that that cause of action has already been transferred to the

16  people who bought at that time.  I don't know that for certain.

17  I don't want to misrepresent to the Court that that was the

18  case, but that would just be further that I wouldn't have

19  anything else left to sell.

20          THE COURT:    Right.

21          MR. MILLER:    And so I just wanted to throw that in,

22  that --

23          THE COURT:    Okay.  Anything further?    Yes.

24          MR. FORRESTER:    Just a question on the Court's

25  reasoning.  Is the reasoning on the basis, Your Honor, that

26  this is not a derivative suit?

1            THE COURT:    Well, on the arguments --

2            MR. FORRESTER:    On the arguments --

3            THE COURT:    -- made today by the objector and in the

4 brief --

5            MR. FORRESTER:    Thank you.

6            THE COURT:    -- I think he followed the law, and I

7 am, too.

8            MR. FORRESTER:    Okay.

9            THE COURT:    Thanks.

10            MR. FORRESTER:    Appreciate it.    Thank you, Your

11 Honor.

12                    * * * * * * * * * * * *

13            I certify that the foregoing is a true and accurate

14 transcript from the electronically sound recorded record of the

15 proceedings.

_____    4/21/05
GLORIA C. IRWIN                      Date
Certified Transcriber NJ AOC200
      Federal CERT #122
GCI TRANSCRIPTION SERVICES
210 Bayberry Avenue
Egg Harbor Township, NJ 08234-5901
609-927-0299  1-800-471-0299
      FAX 609-927-6420
e-mail irwingloria@comcast.net