**E-FILED**
Tuesday, 24 May, 2005 03:58:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RANDALL J. SANDONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-2232 |
| | ) | |
| ABN AMRO HOLDING N.V., Amsterdam, a Dutch corporation; ABN AMRO BANK N.V., Amsterdam, a Dutch corporation; and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation, | ) ) ) ) ) | The Honorable Judge Harold A. Baker |
| Defendants. | | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR A STAY

Defendants' response to Plaintiff's motion for a stay, pending resolution of the extant appeal from an order of the bankruptcy court in Case No. 03-91852, misstates the issues. Defendants state that "Defendants' pending Rule 12 Motion, which has now been briefed by both sides, asks the Court to resolve (among other issues) precisely the issues that are subject of the appeal from the bankruptcy court." With respect, that statement is simply incorrect. The sole issue in the bankruptcy appeal, now before the United States District Court for the Central District of Illinois, Case No. 2:05-cv-02118-MPM (*Sandone v. Miller*), is whether the bankruptcy court erred in denying the appellant's motion for an order directing the Trustee to assign any and all interest the estate may have in the present proceedings to the appellant, in his capacity as class representative.

Contrary to what Defendants assert in their response, there is no issue in the bankruptcy appeal as to "whether Plaintiff's claim . . . is derivative in nature" or "whether

1

the claim is therefore vested exclusively in the bankruptcy trustee." The bankruptcy appeal does not require the resolution, or even the addressing, of either of those issues. Even if both these propositions were conceded *arguendo*, the issue in the bankruptcy appeal is whether the Trustee should have made, or been required to make, the requested assignment.

Further, in the bankruptcy appeal, Plaintiff has expressly not conceded that the claim in the instant case is derivative in nature or that the Trustee has exclusive jurisdiction. Proceeding *arguendo* together with an express denial of those propositions, as Plaintiff has done in the bankruptcy proceedings, amounts to precisely the opposite of conceding Defendants' points.

Finally, Plaintiff has not asked that the Trustee be "divested" of any authority. The Trustee has made plain to the bankruptcy court that he believes that the estate has no interest to be assigned in any event. His goal is to close the estate at the earliest possible moment. The purpose of Plaintiff's bankruptcy appeal is to nullify the suggestion by Defendants in this Court that the putative class members are deprived from suing ABN AMRO in tort because of Defendants' spurious "derivative" argument. This could be accomplished by way of the requested assignment of any interest the Trustee may have.

Defendants' response raises the prospect of "judicial economy." If this Court saw fit to rule that Defendants' characterization of Plaintiff's tort claim against ABN AMRO is not derivative in nature, as surely it is not, such a decision by this Court would clearly render moot the present bankruptcy appeal. If this Court is not so inclined at this time, Plaintiff respectfully requests that the bankruptcy appeal be allowed to run its course and that the instant proceedings be stayed in the interim.

2

Dated: May 24, 2005			Respectfully submitted,

RANDALL J. SANDONE, Plaintiff, by one of his attorneys, GARY D. FORRESTER of the law firm of PHEBUS & KOESTER

s/ Gary D. Forrester

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard L. Klaus, Edward M. Wagner.

s/Gary D. Forrester
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217)337-1400
(217)337-1607 (fax)
gforrester@phebuslaw.com

*f:\docs\joe\sandone\abn amro\mo stay--federal.doc*