**E-FILED**
Tuesday, 12 July, 2005  01:41:38 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| RANDALL J. SANDONE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-2232 |
| | ) | |
| vs. | ) | Hon. Harold A. Baker |
| | ) | |
| ABN AMRO BANK N.V., Amsterdam, a | ) | |
| Dutch corporation; and ABN AMRO | ) | |
| VENTURES B.V., Amsterdam, a Dutch | ) | |
| Corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Pursuant to Rules 12(b)(2), 12(b)(5), 12(b)(6), and 17(a) of the Federal Rules of Civil procedure, defendants ABN AMRO Bank N.V. and ABN AMRO Ventures B.V. ("Defendants") respectfully move this Court to dismiss Plaintiff's Second Amended Complaint with prejudice. In support of their motion, Defendants state as follows:

1.     Plaintiff is a shareholder and former chief executive officer of Argus Systems Group, Inc. ("Argus"), an Illinois corporation.

2.     Defendants are Dutch corporations organized under the laws of The Netherlands with their primary places of business in The Netherlands.  ABN AMRO Ventures was an investor in Argus.

3.     On behalf of a putative class of Argus shareholders, Plaintiff alleges that Defendants are responsible for damage to Argus's corporate value caused by the actions of Defendants' designee on Argus's board of directors.

4.      Argus is now in Chapter 7 bankruptcy proceedings in the U.S. Bankruptcy Court for the Central District of Illinois.

5.      Plaintiff lacks standing to bring his Second Amended Complaint because his claim is derivative in nature and is now vested exclusively in the bankruptcy trustee. Dismissal with prejudice is appropriate because Plaintiff will *never* have standing to assert a derivative claim against Defendants, as confirmed in the recent Order and Judgment of Chief Judge Michael P. McCuskey in *Sandone v. Miller*, No. 05-2118 (C.D. Ill.).

6.      Plaintiff has failed to comply with federal and state procedural prerequisites to bringing a derivative claim.

7.      Plaintiff has failed to state a claim upon which relief can be granted. Courts have consistently rejected Plaintiffs' theory of respondeat superior liability because it would dangerously expand the fiduciary duties of shareholders to other shareholders.

8.      Jurisdiction is improper, as plaintiff has not served process in accordance with the Hague Convention, and has failed to establish personal jurisdiction over ABN AMRO Ventures.

Accordingly, Defendants respectfully move this Court to dismiss the Second Amended Complaint with prejudice.

Date:   July 12, 2005                                    Respectfully submitted,

s/ Edward M. Wagner
Edward M. Wagner
Richard P. Klaus
HEYL ROYSTER VOELKER & ALLEN
102 E. Main Street
Suite 300
P.O. Box 129
Urbana, Illinois  61803-0129
(217) 334-0060

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary D. Forrester, Esq.
Joseph W. Phebus, Esq.
Daniel J. Pope, Esq.
PHEBUS & KOESTER
136 W. Main St.
Urbana, IL  61801

s/ Edward M. Wagner
Edward M. Wagner
HEYL ROYSTER VOELKER & ALLEN
102 E. Main Street
Suite 300
P.O. Box 129
Urbana, Illinois  61803-0129
Ph: (217) 334-0060
Fax: (217 334-9295
ewagner@hrva.com