E-FILED
Wednesday, 12 October, 2005  04:03:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RANDALL J. SANDONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-2232 |
| | ) | |
| ABN AMRO BANK N.V., Amsterdam, a Dutch corporation; and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation, | ) ) ) ) | The Honorable Judge Harold A. Baker |
| | ) | |
| Defendants. | | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW plaintiff RANDALL J. SANDONE by and through one of his attorneys Gary D. Forrester of Phebus & Koester, and in further response to the motion to dismiss filed by defendants ABN AMRO BANK N.V., Amsterdam, a Dutch corporation ("Bank") and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation ("Ventures"), states:

1. **Bank and Ventures have acknowledged to the Circuit Court of Champaign County that the Second Amended Complaint herein *cannot* be "derivative in nature."**

Bank and Ventures are defendants in an action before the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois, *Sandone v. Walz et al.*, No. 02-L-272 ("the state court action"). A copy of the fifth amended complaint in the state court action is attached hereto and marked Exhibit A.

EXHIBIT 1

1

On October 6, 2005, in the state court action, Bank and Ventures filed a motion to dismiss that asserts, *inter alia*, that the matter *sub judice* before this United States District Court is "near-identical" and for "the same cause" as the state court action. A copy of defendants' motion to dismiss in the state court action is attached hereto and marked as Exhibit B; a copy of defendants' memorandum in support of their motion is attached hereto and marked as Exhibit C.

This contention by Bank and Ventures, while disputed by plaintiff, constitutes an admission by Bank and Ventures that stands in direct contradiction to their motion to dismiss in the matter *sub judice.* Specifically, in the instant matter, Bank and Ventures assert in their motion to dismiss and their supporting memorandum that the claim made by plaintiff and class members is "derivative in nature" and "can only be asserted by or on behalf of the allegedly harmed corporation, Argus Systems Group, Inc."[1] It is absolutely clear that the state court action – which Bank and Ventures say is "near identical" and for the "same cause" as this federal court action – is not "derivative in nature," being an action in tort for interference with an individual's contract and interference with an individual's prospective economic advantage. Bank and Ventures implicitly admit this in their motion and memorandum filed in the state court action, *see* Exhibits B and C, as they make no claim therein that the plaintiff's state action in tort is "derivative in nature" – nor could they. It follows from defendants' own argument, *ipso facto*, that the alleged "same cause" in federal court cannot be derivative in nature.

Thus, the attempt by Bank and Ventures to equate these two causes of action for purposes of arguing for dismissal before the Circuit Court repudiates their argument to

---

[1] In his initial response to this motion by Bank and Ventures, plaintiff has argued that this cause is not "derivative in nature," because it is not being brought on behalf of Argus, nor is plaintiff pursuing any of Argus's corporate interests.

2

this Court that instant Second Amended Complaint is "derivative." Bank and Ventures cannot have it both ways, hoping the two courts won't notice. The bottom line is that neither claim – neither the federal claim nor the state claim – is "derivative." In both cases, individual damages are sought – damages for injury to property due to defendants' breaches of fiduciary duty in the federal case; damages in tort for interference with plaintiff's employment in the state case. In neither case is anything sought on behalf of Argus Systems Group, Inc.

2. **The Champaign County Circuit Court has already determined that Bank and Ventures are subject to Illinois jurisdiction under the Long Arm Statute.**

Bank and Ventures also assert, in their memorandum filed with this Court on July 12, 2005, that this court lacks personal jurisdiction under the Illinois Long Arm Statute, 735 ILCS § 5/2-209. However, the scope of the "doing business" activities of Bank and Ventures for jurisdictional purposes under the Illinois Long Arm Statute has already been considered and determined by the Circuit Court of Champaign County. The Illinois activities of Bank and Ventures that were considered by the Circuit Court are the very same activities that form the basis for this Court's jurisdiction over Bank and Ventures. Attached hereto and marked as Exhibit D is a copy of the Circuit Court's order made on June 20, 2005, holding *inter alia* that the motion by Bank and Ventures to dismiss for lack of personal jurisdiction was denied.

3. **Bank and Ventures have been served under the Hague Convention, in both state court and in this Court.**

In the state court action, Bank and Ventures were served under the Hague Convention on August 9, 2005. That service gave rise to the October 6, 2005, state court

motion to dismiss by Bank and Ventures, discussed above, which asserts *inter alia* that the actions before the Circuit Court and this Court are identical.

In the matter *sub judice*, Bank and Ventures were served under the Hague Convention on March 15, 2005, and defendants did not specially appear to seek to quash or to challenge that service. Rather, as in the state court action, upon receipt of service Bank and Ventures appeared in federal court by moving to dismiss the Second Amended Complaint on the grounds stated in their said motion and memorandum (attached Exhibits A and B), which grounds have been refuted by plaintiff.

WHEREFORE, plaintiff prays that this Court deny the motion to dismiss filed by Bank and Ventures, on the grounds stated herein as well as the grounds previously stated by plaintiff.

Dated: October 12, 2005    Respectfully submitted,

RANDALL J. SANDONE, Plaintiff, by one of his attorneys, GARY D. FORRESTER of the law firm of PHEBUS & KOESTER

BY:  s/Gary D. Forrester
Gary D. Forrester
Attorney for Plaintiff
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
(217) 337-1607 (fax)
gdforrester@phebuslaw.com

*f:\docs\joe\sandone\abn amro\Supp Resp Mo Dis--federal.doc*