UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RANDALL J. SANDONE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-2232 |
| | ) | |
| vs. | ) | Hon. Harold A. Baker |
| | ) | |
| ABN AMRO BANK N.V., Amsterdam, a Dutch corporation; and ABN AMRO VENTURES B.V., Amsterdam, a Dutch Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ABN AMRO DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL RESPONSE

ABN AMRO Bank N.V. and ABN AMRO Ventures B.V. (the "ABN AMRO Defendants") oppose Plaintiff's Motion for Leave to File a Supplemental Response to the Motion to Dismiss. The arguments Plaintiff wishes to add to his responsive pleading are entirely without merit for the following reasons:

*First*, the ABN AMRO Defendants have never "admitted" in any proceeding that Plaintiff's claims are not derivative in nature. Plaintiff is pursuing two actions based on different legal theories but which arise out of the same transaction and occurrence. Under Illinois law, an action may be dismissed when another pending action arises out of the "same transaction or occurrence," even though "the legal theory, issues, burden of proof or relief sought materially differ between the two actions." *Hapag-Lloyd (America), Inc. v. Home Ins. Co.*, 729 N.E.2d 36, 42 (Ill. App. Ct. 1st Dist. 2000). The ABN AMRO Defendants have moved to dismiss Plaintiff's state court claim on that basis. Nothing about that motion "admits" or "acknowledges" that the claim in *this* case are not derivative in nature, which they indisputably are.

*Second*, while it is true that the state court denied the ABN AMRO Defendants' motion to dismiss for lack of personal jurisdiction, it also quashed service of process on facts indisputable from the deficient service attempted by Plaintiff in this case. Plaintiff cannot cherry-pick his rulings: if he wishes to take advantage of the state court's personal jurisdiction ruling, he must also acknowledge that he has not effected service in this action in accordance with the Hague Convention.

*Third*, for the first time and without any evidentiary support, Plaintiff claims that the ABN AMRO Defendants were "served under the Hague Convention on March 15, 2005." (Pl. Mtn. at 4.) To the contrary, the ABN AMRO Defendants have no record of being served in this action after early February 2005 (the service challenged in the Motion to Dismiss), and Plaintiff has never presented any evidence in any filing that he effected service again after that date.

### A.  The ABN AMRO Defendants Have Never "Acknowledged" Or "Admitted" That Plaintiffs' Claims In This Litigation Are Not Derivative In Nature.

It is simply not true that the ABN AMRO Defendants have "acknowledged" or "admitted" in a state court filing that plaintiffs' claims in the present litigation are not derivative in nature. The ABN AMRO Defendants have always maintained that Plaintiffs claims are derivative. The briefing by the ABN AMRO Defendants in the state court case says nothing to the contrary.

It is worth providing some context. In this litigation, Plaintiff seeks to recover $50 million on behalf of a putative class of shareholders of Argus Systems Group, Inc. He argues that the alleged tortious actions of an Argus director who was also an employee of ABN AMRO Bank reduced the value of the shares held by the putative class. The ABN AMRO Defendants' motion to dismiss argues that Plaintiff's claims are derivative in nature in that they seek to

recover for diminution of shareholder value and thus may be brought only by Argus's bankruptcy trustee.

While pursuing this litigation, Plaintiff has also sued the ABN AMRO Defendants in Champaign County Circuit Court, advancing essentially the same theory he pursues in the present litigation, but labeling it "tortious interference" rather than "breach of fiduciary duty." Both cases arise out of the same occurrences: Keith Walz's alleged actions in his role as an Argus director, including his alleged vote to terminate Plaintiff as President and CEO of Argus. In both cases, Plaintiff seeks to hold the ABN AMRO Defendants liable on a *respondeat superior* theory for Walz's actions. Accordingly, the ABN AMRO Defendants have urged the state court to dismiss the claims against the ABN AMRO Defendants pursuant to the "same cause" rule doctrine under 735 ILCS 5/2-619(3). That rule provides that an action may be dismissed when another pending action arises out of the "same transaction or occurrence," even though "the legal theory, issues, burden of proof or relief sought materially differ between the two actions." *Hapag-Lloyd (America), Inc. v. Home Ins. Co.*, 729 N.E.2d 36, 42 (Ill. App. Ct. 1st Dist. 2000).

The ABN AMRO Defendants do not dispute that Plaintiff has brought two separate legal claims in the two cases, one for tortious interference and the other for breach of fiduciary duty. They also recognize that there is a fundamental difference in the relief Plaintiff seeks. In the Champaign County case, Plaintiff seeks to recover primarily termination benefits that he believes are owed under his employment contract. In this case, by contrast, Plaintiff seeks to recover lost equity value on behalf of a putative class of shareholders. It is the *recovery sought* in this litigation that makes Plaintiff's claims derivative in nature. *See, e.g.*, *Small v. Sussman*, 713 N.E.2d 1216, 1220 (Ill. App. Ct. 1st Dist. 1999) (holding that shareholder's suit against director

and dominant shareholder for waste of corporate assets and diminution in share value was derivative). Both actions nonetheless arise out of the same alleged set of facts, which is why the Illinois "same cause" rule bars Plaintiff's state court claims.

It is therefore a distortion for Plaintiff to claim that the ABN AMRO Defendants have "admitted" in a state court filing that plaintiffs' claims in the present litigation are not derivative in nature. They have merely invoked the "same cause" rule, as they entitled to do under Illinois law to protect themselves from the sort of harassing parallel litigation that Plaintiff is currently pursuing against them.

> B.   **The State Court Found That Plaintiff Had Not Effected Proper Service On The ABN AMRO Defendants.**

Although the Champaign County court denied the ABN AMRO Defendants' motion to dismiss for lack of personal jurisdiction, the court quashed service of process and forced Plaintiff to re-serve the state court complaint on the ABN AMRO Defendants in conformity with the Hague Convention. Here, and in stark contrast to the re-served efforts undertaken in the state court case, Plaintiff has never attempted to serve the ABN AMRO Defendants in conformity with the Hague Convention. If Plaintiff wishes to live by the state court's personal jurisdiction ruling (a ruling with which the ABN AMRO Defendants respectfully disagree), he must also acknowledge that the same court rejected as insufficient the way in which Plaintiff has similarly tried to serve process in this case. Regardless, this Court can make its own determination on the issue of personal jurisdiction, based on the pleadings and the evidence presented in *this* case, and is in no way bound by the state court's interim ruling. *See La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir.1990) (stating that collateral estoppel can only apply where "determination of the issue was essential to final judgment in the prior action").

**C.    Plaintiff's New Allegation That He Served the ABN AMRO Defendants On March 15, 2005 Is Unsupported By Any Facts Or Evidence.**

Plaintiff now claims, for the first time, that the ABN AMRO Defendants "were served under the Hague Convention on March 15, 2005."  (Pl. Mtn. at 4).  The ABN AMRO Defendants have no record of ever being served on that date, Plaintiff has never filed any return of service showing a March 15 service date, and Plaintiff has not offered any evidence supporting its claim of effective service.  Put simply, Plaintiff's new service claim is unsupported by any evidence in the record.

For all the foregoing reasons, the ABN AMRO Defendants respectfully urge this Court to deny Plaintiff's motion and grant the previously filed Motion to Dismiss.

Date:   October 24, 2005                            Respectfully submitted,

                                                    s/ Edward M. Wagner
                                                    ―――――――――――――――――――
                                                    Edward M. Wagner
                                                    HEYL ROYSTER VOELKER & ALLEN
                                                    102 E. Main Street
                                                    Suite 300
                                                    P.O. Box 129
                                                    Urbana, IL  61803-0129
                                                    (217) 334-0060
                                                    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary D. Forrester, Esq.
Joseph W. Phebus, Esq.
Daniel J. Pope, Esq.
PHEBUS & KOESTER
136 W. Main St.
Urbana, IL  61801

                                            s/ Edward M. Wagner
                                            Edward M. Wagner
                                            HEYL ROYSTER VOELKER & ALLEN
                                            102 E. Main Street
                                            Suite 300
                                            P.O. Box 129
                                            Urbana, IL  61803-0129
                                            Ph: (217) 334-0060
                                            Fax: (217 334-9295
                                            ewagner@hrva.com