UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RANDALL J. SANDONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  04-2232 |
| | ) | |
| ABN AMRO BANK N.V., Amsterdam, a Dutch corporation; and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation, | ) ) ) ) | The Honorable Judge Harold A. Baker |
| Defendants. | | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANTS' RESPONSE FILED ON OCTOBER 24, 2005**

COMES NOW plaintiff RANDALL J. SANDONE by and through one of his attorneys Gary D. Forrester of Phebus & Koester, and seeks leave of this Court to file a reply to the response of defendants ABN AMRO BANK N.V., Amsterdam, a Dutch corporation ("Bank") and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation ("Ventures"), filed on October 24, 2005, and in support states:

1. Plaintiff has previously filed a motion for leave to file a supplemental response to Bank's and Ventures' motion to dismiss. That motion for leave awaits a determination by this Court.

2. On October 24, 2005, Bank and Ventures filed a "response" to the said motion for leave.

3. The "response" by Bank and Ventures raises wholly new subject matter and is inherently confusing and misleading, as follows:

1

A. Defendants state on page 1 thereof that "[p]laintiff is pursuing two actions [in federal and state courts] based on <u>different</u> legal theories"; but defendants state on page 3 of the same document that plaintiff is "advancing essentially the <u>same</u> theory [in state court] that he pursues in the present litigation."  Emphasis added.

B. In fact, the two causes of action [federal and state] are wholly different: the federal class action complaint is based on Bank's and Ventures' breaches of fiduciary duty resulting in lost dividends and value of stock; the state action is an individual action asserting tortious interference with the employment contract and business prospects of Randall J. Sandone.

C.  It is misleading for Bank and Ventures to suggest to this Court, as they do on page 2 of their said response, that the state court has "quashed service of process on facts indisputable from the deficient service attempted by Plaintiff in this case."  As Bank and Ventures know full well, state court service under the Hague Convention has since been accomplished on August 9, 2005, and Bank and Ventures have even filed a sworn affidavit in state court (copy attached to plaintiff's proposed reply as Exhibit A thereto) wherein they expressly <u>admit</u> [in paragraph 10 thereof] that "the papers were served on August 9."  This affidavit was submitted to the state court by Bank and Ventures to avoid a default judgment

2

        because they had failed to answer the state complaint in a timely manner.

C.     It is misleading for Bank and Ventures to suggest to this Court, as they do on page 2 of their response, that plaintiff "has not effected service in this [federal] action in accordance with the Hague Convention." Following service in this action on Bank and Ventures pursuant to the Hague Convention, return of service documents were filed with this Court on March 15, 2005. (Actual service took place in The Hague on February 1, 2005 – the service documents were completed by the Dutch servers "European-style," with the "day" stated before the "month" – e.g., 01/02/05 means February 1, 2005.) Bank and Ventures did <u>not</u> specially appear to challenge service; rather, they entered a general appearance on February 28, 2005, and proceeded to move for dismissal.

D.     Bank and Ventures now argue, in their response, that what they meant to say to the state court was that they were challenging the state court claim, and seeking dismissal of it, under the "same cause" doctrine rather than the "same theory" doctrine. But their own motion & memorandum to the state court, which have been previously filed in this Court as Exhibits B and C attached to plaintiff's earlier motion for leave, belie their own assertion. Their attack in state court is expressly focused (*see* previously-filed Ex. C, pp. 5-8) on the "<u>theory</u>" that they mistakenly believe is asserted

in state court. Thus, Bank and Ventures argued to the state court that plaintiff is seeking to radically expand the "theory" of respondeat superior in the context of <u>fiduciary duty</u> – even though plaintiff's state claims do not come within a country mile of even mentioning fiduciary duty as a "theory." Rather, plaintiff's state claim against Bank and Ventures sounds wholly in <u>tort</u>, for their interference with his employment with the Argus corporation.

A copy of the plaintiff's proposed REPLY is attached hereto as Exhibit 1.

WHEREFORE, plaintiff prays that this Court grant his motion.

Dated: October 25, 2005

>Respectfully submitted,
>
>RANDALL J. SANDONE, Plaintiff, by one of his attorneys, GARY D. FORRESTER of the law firm of PHEBUS & KOESTER
>
>BY: <u>s/Gary D. Forrester</u>
>Gary D. Forrester
>Attorney for Plaintiff
>PHEBUS & KOESTER
>136 West Main Street
>Urbana, Illinois 61801
>(217) 337-1400
>(217) 337-1607 (fax)
>gdforrester@phebuslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard L. Klaus

4

HEYL ROYSTER VOELKER & ALLEN
PO Box 129
Urbana, IL 61801-0129
217-344-0060
217-344-9295 (fax)
rklaus@hrva.com

Edward M. Wagner
HEYL ROYSTER VOELKER & ALLEN
PO Box 129
Urbana, IL 61801-0129
(217) 344-0060
344-9295 (fax)
ewagner@hrva.com

BY: s/ Gary D. Forrester
Gary D. Forrester
Attorney for Plaintiff
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
(217) 337-1607 (fax)
gforrester@phebuslaw.com

*f:\docs\joe\sandone\abn amro\Mo Leave File Reply--federal.doc*

5