E-FILED
Wednesday, 30 November, 2005 11:49:26 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| RANDALL J. SANDONE, ) | |
| ) | |
| Plaintiff, ) | No. 04-2232 |
| ) | |
| vs. ) | Hon. Harold A. Baker |
| ) | |
| ABN AMRO BANK N.V., Amsterdam, a ) | |
| Dutch corporation; and ABN AMRO ) | |
| VENTURES B.V., Amsterdam, a Dutch ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE OF DEFENDANTS TO MOTION TO INTERVENE AS ADDITIONAL PLAINTIFFS BY DANIEL V. GONZALES, ET AL.

Seven self-identified shareholders (the "applicants") of Argus Systems Group, Inc., a bankrupt corporation, have filed a premature and meritless Motion to Intervene as additional named plaintiffs and representatives of a putative class of Argus shareholders.[1] Defendants respectfully urge this Court to deny the motion because the applicants lack standing and cannot prevail on their claims, for the same reasons explained in Defendants' pending Motion to Dismiss the Second Amended Complaint.[2] In the alternative, this Court should hold the Motion to Intervene in abeyance until the Court has ruled on both Defendants' Motion to Dismiss and the propriety of the putative class of Argus shareholders.

---

[1] The Motion to Intervene was actually filed and joined by plaintiff Sandone. Given that this litigation commenced more than a year ago, the Motion to Intervene (with its accompanying request to filed a Third Amended Complaint) appears to be a last-gasp gambit to delay a final ruling on Defendants' Motion to Dismiss.

[2] The Motion to Intervene states, incorrectly, that Defendants have not "filed a pleading in response to the Second Amended Complaint." (Mot. ¶ 4.) Defendants filed their Motion to Dismiss the Second Amended Complaint on July 12, 2005.

As a threshold matter, the Motion to Intervene should be denied because, like plaintiff Randall J. Sandone, the applicants lack standing. Stated briefly, the applicants' claims for diminution of shareholder value (or "lost value of . . . stock," to use their phrasing) are indisputably derivative in nature and can only be asserted by or on behalf of the allegedly harmed corporation, Argus. Because Argus is now in Chapter 7 bankruptcy, the bankruptcy trustee has *exclusive authority* to bring such a claim on behalf of the corporation and its shareholders. Plaintiff Sandone has already tried to divest the trustee of that exclusive authority, and was rebuffed by the bankruptcy court and by Chief Judge McCuskey on appeal. Absent that authority, plaintiff Sandone and the applicants cannot bring a derivative suit against Defendants. *See Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1343 (7th Cir. 1987). The applicants' claims must also fail for the additional reasons set forth in the Motion to Dismiss.

In the alternative, this Court should delay its ruling on the Motion to Intervene until, at the earliest, after it has ruled on Defendants' Motion to Dismiss. If this Court grants the Motion to Dismiss, that ruling will have a preclusive effect on the applicants' claims.

If the Court ultimately denies Defendants' pending Motion to Dismiss, it should further hold the Motion to Intervene in abeyance until it has ruled on the putative class. As a general rule, where a plaintiff has asserted claims on behalf of a putative class, "applications for intervention filed prior to the court's determination of the class should generally be held in abeyance until the court has ruled on the class." Alba Conte and Herbert B. Newberg, *Newberg on Class Actions* § 22:78 (West supp. Nov. 2005). The applicants have not provided any reason why this Court should deviate from the general rule: for example, they have not attacked the adequacy of plaintiff Sandone as class representative. *See id.*

Date:   November 30, 2005			Respectfully submitted,

			s/ Edward M. Wagner
			Edward M. Wagner
			HEYL ROYSTER VOELKER & ALLEN
			102 E. Main Street
			Suite 300
			P.O. Box 129
			Urbana, Illinois  61803-0129
			(217) 334-0060
			*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary D. Forrester, Esq.
Joseph W. Phebus, Esq.
Daniel J. Pope, Esq.
PHEBUS & KOESTER
136 W. Main St.
Urbana, IL  61801

                                            s/ Edward M. Wagner
                                            Edward M. Wagner
                                            HEYL ROYSTER VOELKER & ALLEN
                                            102 E. Main Street
                                            Suite 300
                                            P.O. Box 129
                                            Urbana, Illinois  61803-0129
                                            Ph: (217) 334-0060
                                            Fax: (217 334-9295
                                            ewagner@hrva.com