E-FILED
Monday, 05 December, 2005  03:56:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RANDALL J. SANDONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-2232 |
| | ) | |
| ABN AMRO BANK N.V., Amsterdam, a Dutch corporation; and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation, | ) ) ) ) | The Honorable Judge Harold A. Baker |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR ENTRY OF ORDER**

COMES NOW Plaintiff RANDALL J. SANDONE ("Sandone") and respectfully moves, as a matter of urgency, for a ruling by this Court as to the following:

A. The outstanding motion to intervene as additional plaintiffs filed herein by petitioners DANIEL V. GONZALES *et al.*, on November 16, 2005; and

B. Sandone's motion for leave to withdraw as a named plaintiff in this cause, contingent upon this Court's granting the aforesaid motion to intervene, which motion for leave is filed simultaneously herewith.

In support thereof, Plaintiff Sandone states as follows:

1. Presently pending before the Honorable Michael Q. Jones of the Champaign County Circuit Court is the matter of *Sandone v. McNabb et al.*, No. 02-L-272. The subject matter of that state

1

court lawsuit is the termination of Sandone's employment as President and Chief Executive Officer of Argus Systems Group, Inc. ("Argus") by the named defendant board members of Argus. The defendants include, on the basis of *respondeat superior*, ABN AMRO BANK N.V., Amsterdam, a Dutch corporation, and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation, which Dutch corporations are also the named defendants in this instant federal litigation before this Court.

2. The state court litigation sounds in tort, on behalf of a single individual plaintiff. Specifically, the state court Complaint asserts tortious interference by the named defendants with Sandone's employment, and tortious interference with prospective economic advantage.

3. This federal litigation, in contrast, is premised on the Dutch corporate defendants' alleged breaches of fiduciary duty owed to putative <u>class</u> members.

4. On November 17, 2005, His Honor Judge Jones held, *inter alia*, that Sandone's said state court Complaint survived the Dutch corporate defendants' motion to dismiss with respect to challenges pertaining to *respondeat superior* and breach of fiduciary duty. However, His Honor further held that there was substantial similarity between some of the allegations made in this federal litigation and some of the allegations made in the state court

Complaint, so as to warrant a dismissal *without prejudice* under 735 ILCS 5/2-619(a)(3) ("that there is another action pending between the same parties for the same cause").

5. In so ruling, Judge Jones expressly granted Sandone leave to file a motion for reconsideration of his said ruling, and opined that in the event that Sandone withdrew as a named plaintiff in the federal litigation, and remained therein as only a class member, that would in all likelihood be the basis for His Honor to change his ruling. Specifically, His Honor stated: "I strongly suspect it would obviate the problem if [Sandone] were merely a class member [in the federal action]. That's what I'm concerned about."

6. Judge Jones gave Sandone 28 days in which to file the said motion for reconsideration, i.e., until December 15, 2005.

7. Sandone wishes to comply with the suggestion made by His Honor Judge Jones, and to withdraw as a named plaintiff in this federal litigation; accordingly, he has so moved simultaneously herewith. Sandone's motion for leave to withdraw is expressly contingent upon this Court's granting, should this Court see fit to do so, the aforementioned petition to intervene filed in this cause on November 16, 2005, by seven prospective lead plaintiffs and class representatives.

8. It is respectfully suggested that if this Court's rulings on the said motion to intervene and the said motion to withdraw as a named

3

        plaintiff could be made on or before December 12, 2005, and depending on the substance of this Court's said rulings, Sandone could thereafter have the opportunity to comply in a timely manner with the said filing requirements imposed by His Honor Judge Jones for the anticipated motion for reconsideration by the state court.

WHEREFORE, Plaintiff RANDALL J. SANDONE respectfully requests emergency rulings by this Court on (a) the aforementioned Motion to Intervene as Additional Plaintiffs, and (b) the aforementioned Emergency Motion for Leave to Withdraw as a Named Plaintiff Contingent Upon the Motion to Intervene Being Granted.

        BY: s/Gary D. Forrester
        Gary D. Forrester
        Attorney for Plaintiff
        PHEBUS & KOESTER
        136 West Main Street
        Urbana, Illinois 61801
        (217) 337-1400
        (217) 337-1607 (fax)
        gdforrester@phebuslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard P. Klaus
HEYL ROYSTER VOELKER & ALLEN
P.O. Box 129
Urbana, Illinois 61801-0129
rklaus@hrva.com

4

Edward M. Wagner
HEYL ROYSTER VOELKER & ALLEN
P.O. Box 129
Urbana, Illinois 61801-0129
ewagner@hrva.com

                               BY:  s/Gary D. Forrester
                               Gary D. Forrester
                               Attorney for Plaintiffs
                               PHEBUS & KOESTER
                               136 West Main Street
                               Urbana, Illinois 61801
                               (217) 337-1400
                               (217) 337-1607 (fax)
                               gdforrester@phebuslaw.com

*f:\docs\joe\sandone\Em. Mo Ruling.doc*