**E-FILED**
Wednesday, 21 December, 2005  03:05:11 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| DANIEL V. GONZALES, et al., | ) | |
| | ) | No. 04-2232 |
| Plaintiffs, | ) | |
| | ) | Hon. Harold A. Baker |
| vs. | ) | |
| | ) | |
| ABN AMRO BANK N.V. and ABN AMRO | ) | |
| VENTURES B.V., | ) | |
| | ) | |
| Defendants. | ) | |

## ABN AMRO DEFENDANTS' MOTION TO DISMISS THE
## THIRD AMENDED COMPLAINT

Pursuant to Rules 12(b)(2), 12(b)(5), 12(b)(6), and 17(a) of the Federal Rules of Civil procedure, defendants ABN AMRO Bank N.V. and ABN AMRO Ventures B.V. (the "ABN AMRO Defendants") respectfully move this Court to dismiss the Third Amended Complaint with prejudice.  In support of their motion, the ABN AMRO Defendants state as follows:

1.       Plaintiffs allege that they are shareholders of Argus Systems Group, Inc. ("Argus"), an Illinois corporation.

2.       The ABN AMRO Defendants are Dutch corporations organized under the laws of The Netherlands with their primary places of business in The Netherlands.  ABN AMRO Ventures was an investor in Argus.

3.       On behalf of a putative class of Argus shareholders, plaintiffs allege that the ABN AMRO Defendants are responsible for damage to Argus's corporate share value purportedly caused by the actions of ABN AMRO Ventures' designee on Argus's board of directors.

4.       Argus is now in Chapter 7 bankruptcy proceedings in the U.S. Bankruptcy Court for the Central District of Illinois.

5.      Plaintiffs lack standing to bring the Third Amended Complaint because their claims are derivative in nature and are now vested exclusively in the bankruptcy trustee. Dismissal with prejudice is appropriate because plaintiffs will *never* have standing to assert a derivative claim against the ABN AMRO defendants, as confirmed in the Order and Judgment of Chief Judge Michael P. McCuskey in *Sandone v. Miller*, No. 05-2118 (C.D. Ill.).

6.      Plaintiffs have failed to comply with federal and state procedural prerequisites to bringing a derivative claim.

7.      Plaintiffs have failed to state a claim upon which relief can be granted.  Courts have consistently rejected plaintiffs' theory of respondeat superior liability because it would dangerously expand the fiduciary duties of shareholders to other shareholders.

8.      Jurisdiction is improper, as plaintiffs have not served process in accordance with the Hague Convention, and have failed to establish personal jurisdiction over ABN AMRO Ventures.

Accordingly, the ABN AMRO Defendants respectfully move this Court to dismiss the Third Amended Complaint with prejudice.

Date:   December 21, 2005                 Respectfully submitted,


s/ Benjamin W. Hulse
Benjamin W. Hulse
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Phone: (312) 861-2000
Fax: (312) 861-2200

Edward M. Wagner
HEYL ROYSTER VOELKER & ALLEN
102 E. Main Street
Suite 300
P.O. Box 129
Urbana, Illinois  61803-0129
Phone: (217) 334-0060
Fax: (217 334-9295

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary D. Forrester, Esq.
Joseph W. Phebus, Esq.
Daniel J. Pope, Esq.
PHEBUS & KOESTER
136 W. Main St.
Urbana, IL  61801

s/ Benjamin W. Hulse
Benjamin W. Hulse
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Phone: (312) 861-2000
Fax: (312) 861-2200
bhulse@kirkland.com