E-FILED
Wednesday, 21 December, 2005 03:08:23 PM
Clerk, U.S. District Court, ILCD
E-FILED
Friday, 08 July, 2005 04:02:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In Re:<br><br>ARGUS SYSTEMS GROUP, INC.,<br><br>Debtor,<br><br>RANDALL J. SANDONE,<br><br>Appellant,<br><br>vs.<br><br>P. STEVEN MILLER, Trustee for Argus Systems Group, Inc., and ABN AMRO PRIVATE EQUITY,<br><br>Appellees. | Case No. 05-2118 |

## ORDER

This matter is before the court on appeal from a decision of the United States Bankruptcy Court for the Central District of Illinois. Randall Sandone appeals from the bankruptcy court's denial of his Emergency Motion for Order of Assignment. In this motion, Sandone sought an order from the bankruptcy court requiring the bankruptcy trustee in the underlying bankruptcy proceedings of Argus Systems Group to assign to Sandone any authority the trustee may have to pursue a suit against ABN AMRO Holding, N.V., ABN AMRO Bank, N.V., and ABN AMRO Ventures, B.V. (hereinafter collectively referred to as "ABN AMRO") for diminution of Argus's corporate value. For the reasons that follow, the decision of the bankruptcy court is AFFIRMED.

EXHIBIT "B"

FACTS

On October 29, 2004, Sandone filed a complaint against ABN AMRO in this court before the Honorable Harold A. Baker. In his complaint, Sandone alleges that Keith Walz, a member of Argus's board of directors, breached his fiduciary duties to Argus while employed by ABN AMRO. Sandone asserts that Walz's actions resulted in the destruction of the corporate value of Argus and its ultimate bankruptcy filing. Sandone seeks to hold ABN AMRO responsible for Walz's actions because Walz was allegedly acting within the scope of his employment with ABN AMRO when he breached his fiduciary duties to Argus.

ABN AMRO filed a motion to dismiss Sandone's complaint arguing that an action for diminution of shareholder value was vested in the bankruptcy trustee for the Argus estate as it is a shareholder derivative suit.[1] After the filing of the motion to dismiss, Sandone filed an Emergency Motion for Order of Assignment in the bankruptcy court. In the motion, Sandone sought an order directing the bankruptcy trustee to assign to Sandone all authority the trustee may have to file a claim for diminution of shareholder value in Argus. ABN AMRO Private Equity, a division of ABN AMRO Bank, filed a memorandum in opposition to the motion for assignment.

The bankruptcy court held a hearing on the motion. The position of the trustee at that hearing was as follows:

> Well, your Honor, I have made a distribution pursuant to this Court's order of all the proceeds that I had in my hands, and I believe that my bank account is at a zero balance. I'm ready to file a TDR and wind this matter up completely, and certainly

---

[1] Judge Baker has since denied ABN AMRO's motion to dismiss as moot as a result of Sandone filing an amended complaint.

-2-

> I am not a party that's joining in this effort.
>
> This is the first time that this has happened in fourteen-and-a-half years of me being Trustee, where somebody wants to buy something from me, and I really have no intention of trying to sell something. I don't know if I even have something to sell, to be completely candid. So I am not in favor of the Argus case being prolonged. I would rather move to closing, and I think, you know, this is a fight between shareholders I frankly want no part of.

At the conclusion of the hearing, the bankruptcy court determined that the trustee "followed the law" and denied Sandone's motion for assignment. This appeal followed.

## ANALYSIS

On appeal, the bankruptcy court's legal conclusions are reviewed under a *de novo* standard. Matter of Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994). This court will assume for purposes of appeal that the action brought by Sandone before Judge Baker in Case Number 04-2232 is a derivative action. The issue raised by the motion to dismiss filed in Case Number 04-2232 was whether Sandone's case is a derivative action requiring that the suit be brought by the bankruptcy trustee or an independent tort action seeking to enforce the individual rights of shareholders rather than the rights of the Argus corporation. A finding that Case Number 04-2232 is not a derivative action or other asset of the bankruptcy estate may make this appeal moot because there would be nothing for the bankruptcy trustee to assign. However, this matter has not been adequately presented on the appeal from the bankruptcy court's order and is best left for resolution in the matter pending before Judge Baker.

It is the duty of a bankruptcy trustee to "collect and reduce to money the property of the

estate for which trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1). A derivative action is property of the bankruptcy estate pursuant to § 541 of the Bankruptcy Code. 11 U.S.C.A. § 541(a)(1); Kennedy v. Venrock Assoc., 348 F.3d 584, 589 (7th Cir. 2003). As a result, "the right to prosecute the claim is vested exclusively in the bankruptcy trustee." In re Brateman Bros., Inc., 135 B.R. 853, 855 (Bankr. N. D. Ind. 1991).

The trustee of a bankruptcy estate can be divested of this exclusive authority only in certain circumstances: (1) where the trustee unjustifiably refuses a demand to pursue the action; (2) a creditor establishes a colorable claim or cause of action; and (3) the creditor seeks and obtains leave from the bankruptcy court to prosecute the action for and in the name of the trustee. In re Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990). Sandone argues this standard should not apply in the instant case because he is a shareholder, not a creditor. In addition, Sandone argues that his motion seeks assignment rather than divestment. However, Sandone provides no authority for the proposition that shareholders are somehow exempt from this rule and may bring derivative claims while bankruptcy proceedings are pending. Furthermore, Sandone has presented no authority that the standard for reviewing the refusal of a trustee to assign an action is any different from the decision not to prosecute an action.

Finally, Sandone has made no allegation that the trustee's refusal to assign or prosecute the action was in any way unjustifiable. The trustee indicated at the hearing held on Sandone's motion that he was ready to close the bankruptcy matter and did not want the proceedings prolonged. Because the viability of Sandone's claim is not readily apparent, this court finds that the decision of the trustee not to pursue or assign the action in the interest of closing the bankruptcy matter was

-4-

not an unjustifiable position, particularly in light of the trustee's responsibility to expeditiously close the bankruptcy estate. Accordingly, this court finds that the decision to deny Sandone's motion for order of assignment was not in error.

IT IS THEREFORE ORDERED:

(1) The decision of the Bankruptcy Court is AFFIRMED.

(2) This case is terminated.

ENTERED this 8th day of July, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

AO 450 (Rev. 5/85) Judgment in a Civil Case

E-FILED
Friday, 08 July, 2005 04:12:13 PM
Clerk, U.S. District Court, ILCD

# United States District Court

CENTRAL DISTRICT OF ILLINOIS

## JUDGMENT IN A CIVIL CASE

IN RE

ARGUS SYSTEMS GROUP, INC.,
    Debtor,

RANDALL J. SANDONE,
    Appellant

vs.

P. STEVEN MILLER, Trustee for Argue
Systems Group, Inc., and ABN AMRO
PRIVATE EQUITY,
    Appellees.

Case Number: **05-2118**

☐ **DECISION BY THE COURT.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the decision of the Bankruptcy Court is affirmed.

ENTER this 8th day of July, 2005

s/ John M. Waters
JOHN M. WATERS, CLERK

s/ M. Talbott
BY: DEPUTY CLERK