E-FILED
Monday, 05 June, 2006  04:02:35 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | | |
|---|---|---|
| DANIEL V. GONZALES, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-2232 |
| | ) | |
| vs. | ) | Hon. Harold A. Baker |
| | ) | |
| ABN AMRO BANK N.V. and ABN AMRO VENTURES B.V., | ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY

On December 6 of last year, this Court denied plaintiffs' motions for a scheduling order and Rule 16 conference, stating: "The court will schedule a Rule 16 conference after the defendants have filed an answer to the complaint." (D.E. #39). As the Court is aware, Defendants have not yet answered the Third Amended Complaint, but have instead filed a Rule 12(b) motion. That motion argues, based on well-established Seventh Circuit law and Chief Judge McCuskey's order in the related bankruptcy proceeding,[1] that plaintiffs lack standing. That motion also argues that plaintiffs fail to state a claim upon which relief may be granted, and that they have not established personal jurisdiction over ABN AMRO Ventures. In light of this pending motion, which may end the case, full-blown discovery is premature.

In spite of their clear lack of standing, and in the face of this Court's December 6 order, plaintiffs have moved for an order directing Rule 26 disclosures to be made and permitting plaintiffs to propound written discovery and take the depositions of six individuals who reside in The Netherlands. Plaintiffs seek to pry open discovery in this case by citing to pending

---

[1] *Sandone v. Miller*, No. 05-2118 (C.D. Ill.) (McCuskey, C.J.).

depositions in the parallel case in the Circuit Court of Champaign County, *Sandone v. Walz*, No. 07-L-272. Defendants oppose this move, with these two limited exceptions:

*First*, for the convenience of the parties, their counsel, and the Dutch witnesses, Defendants do not object to the taking of the depositions of any persons resident in the Netherlands concurrently with their depositions in the state court case. Such depositions must be secured voluntarily or compelled in accordance with the Hague Convention, and must proceed in accordance with the law and procedures that govern the taking of testimonial evidence within the borders of the Netherlands. In consenting to the depositions of their own Dutch employees in this action, Defendants also do not waive any objection to personal jurisdiction.

*Second*, Defendants do not object to answering limited, reasonably drawn interrogatories and document requests concerning the Dutch deponents. Defendants question the necessity of such written discovery, however, given that plaintiffs' counsel has had an opportunity to promulgate exactly that discovery in the state court case, and has in fact done so. The Defendants have answered the state court discovery fulsomely.

Defendants oppose the remainder of plaintiffs' motion. Rule 26 disclosures and written discovery beyond that concerning the Dutch deponents are premature and wasteful, in light of Defendants' pending, potentially dispositive motion to dismiss.

Date:   June 5, 2006 Respectfully submitted,

/s/ Travis J. Quick
Edward M. Wagner
HEYL ROYSTER VOELKER & ALLEN
102 E. Main Street
Suite 300
P.O. Box 129
Urbana, Illinois  61803-0129
Ph: (217) 334-0060

Benjamin W. Hulse
Travis J. Quick
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Ph: (312) 861-2000
Fx: (312) 861-2200
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph W. Phebus, Esq.
Daniel J. Pope, Esq.
PHEBUS & KOESTER
136 W. Main St.
Urbana, IL  61801
jwphebus@phebuslaw.com

                                                /s/ Travis J. Quick