E-FILED
Thursday, 08 June, 2006  04:02:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DANIEL V. GONZALES, JAY A. KASMERCHAK, PAUL A. FREDERICK, RICHARD A. RODRIGUES, PHILLIP G. SAWICKI, JOHN J. KELLER, and LON P. FREDERICK | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 04-2232 |
| Plaintiffs, | | The Honorable Harold A. Baker Judge of the United States District Court |
| vs. | | |
| ABN AMRO BANK N.V., Amsterdam, a Dutch corporation; and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation, | | |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR ORDER**

COME NOW Plaintiffs DANIEL V. GONZALES, JAY A. KASMERCHAK, PAUL A. FREDERICK, RICHARD A. RODRIGUES, PHILLIP G. SAWICKI, JOHN J. KELLER, and LON P. FREDERICK, and FILE THIS MEMORANDUM IN SUPPORT OF THEIR MOTION for an order to conduct certain discovery at this time, and in support thereof state:

1. On May 23, 2006, plaintiffs filed their motion for an order allowing limited discovery in this case to proceed along with identical discovery to be taken in the companion state court case, Sandone v. Walz.

2. On June 5, 2006, defendants responded opposing the motion with two limited exceptions:

    a) defendants did not object to the depositions being taken and used in both cases as long as the depositions were "secured

1

        voluntarily or compelled in accordance with the Hague Convention,…"; and

    b)    answering limited, reasonably drawn interrogatories and document requests concerning the Dutch deponents.

3.    Based on the defendants representations and the plaintiff's independent knowledge and understanding, all of the witnesses referred to in the motion are sufficiently fluent in English, so as to allow their depositions to be taken in that language.

4.    The defendants have advised plaintiff that they will produce two present employees of ABN AMRO entity, Gerbin Kyper and Jan Dijkstra. However, they have not confirmed that they are agreeable to the depositions to be taken in accordance with the Federal Rules of Civil Procedure. If they are so agreeable, then there is no dispute as to these individuals assuming that the exact time and place will be agreed on.

5.    However, out of an abundance of caution, should the defendants not agree with these two depositions being taken pursuant to Federal Rules of Civil Procedure, then with respect to ABN AMRO entity employees Kyper and Dijkstra, plaintiffs request that the Court order their depositions to be taken pursuant to the Federal Rules of Civil Procedure.

6.    The Court has the authority to order the depositions of Kyper and Dijkstra, ABN AMRO entity employees, under the Federal Rules of Civil Procedure without resort to the Hague Convention:

    A. Rule 28(b) of the Federal Rules of Civil Procedure permits depositions to be taken abroad of parties pursuant to "any applicable treaty or convention." The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters was intended to simplify and standardize international discovery. See 6 Moore's Federal Practice, § 28.11[1] (Matthew Bender 3d ed.);

    B. The United States Supreme Court in *Societe Nationale Industrielle Aeropatiale v. United States District Court for The Southern District of Iowa*, 482 U.S. 522 (1987) held that the procedures under the Hague Convention are not mandatory, and the District Court had the authority under the Federal Rules of Civil Procedure to order discovery under the Rules whenever evidence abroad is sought from a party for use in an American Court. The Court reasoned that the language of the Hague Convention was permissive in nature. Id. at 534. The Court also went on to hold that international comity does not require that American litigants resort first to the treaty's terms, and that any party who argues otherwise bears the burden of persuasion. *Aeropatiale* at 547 and 6 Moore's Federal Practice at § 28.11[3].

7. Accordingly, the defendants' argument that the Court does not have the authority to merely order that any of these depositions proceed under

the Federal Rules is erroneous. Further the defendants have the burden to persuade the Court that the plaintiffs should have to go through the cumbersome procedures of the Hague Convention which burden they have not met.

8. Accordingly, this leaves four witnesses who the defendants have not agreed to produce in that according to the defendants, the witnesses are not under their control to wit:

   a)  Former ABN AMRO entity employee Roelof Schoemaker, Jacob van Lenneplaan 30, NL-3743 BAARN;

   b)  Former ABN AMRO entity employee W.J. van der Veen Parklaan 9a 1406 KJ Bussum The Netherlands;

   c)  Frits Vromen, an employee of Mecurius Beleggingsmaatschappij BV, a Dutch company that closely participated with ABN AMRO entity in regards to Argus Systems Group, Inc.; and

   d)  H.H.F. Stienstra another employee of Mecurius Beleggingsmaatschappij BV.

9. As to the witnesses set forth in paragraph 6, the plaintiff has commenced efforts to obtain their voluntary appearance to provide sworn testimony in accordance with Federal Rules of Civil Procedure. At this time, none of the witnesses have committed to voluntarily appear. It may be that none of them will voluntarily appear and provide

sworn testimony in accordance with the Federal Rules of Civil Procedure.

10. As to those witnesses who are unwilling to voluntarily appear at the time the plaintiff obtains the depositions of the individuals listed in paragraph 4, and provide sworn testimony in accordance with the Federal Rules of Civil Procedure, or are not produced by the defendants at that time, then in the interest of fairness such witnesses should be barred from testifying at trial and the Court should so order at this time.

11. As to discovery antecedent to the aforesaid depositions, plaintiffs request the following materials:

   a) All emails, letters, and other communications between or among officers or employees of Mercurius Beleggingsmaatschappij BV, officers or employees any ABN AMRO entity, directors, officers and employees of Argus Systems Group, Inc., which in any manner concern Argus Systems Group, Inc. or its directors, officers or employees.

12. While the plaintiff in the Sandone case has obtained some emails, letters and communications from the files of Keith Walz, a former employee of ABN AMRO Bank, N.V. neither Sandone nor the plaintiffs in this case have obtained any such documents that are in the files of others, but not in the files of Walz.

WHEREFORE, plaintiffs' pray the Court enter an order:

1. Authorizing, ordering and directing the depositions of the above named individuals to be taken in accordance with the Federal Rules of Civil Procedure to the extent the individuals are produced by any of the defendants herein or voluntarily appear in the Netherlands during the week of August 21, 2006 (or such other time as the parties may agree), with said depositions to be taken in conjunction with the *Sandone* state court case;

2. Ordering the defendants to produce all of the above individuals to the extent that they are in their control, and

3. Ordering defendants to produce to the plaintiff's attorneys at their offices, the discovery requested in paragraph 11 above no later than August 1, 2006.

    Respectfully submitted,

    RANDALL J. SANDONE, Plaintiff, by his attorneys, JOSEPH W. PHEBUS and DANIEL J. POPE of the law firm of PHEBUS & KOESTER

    s/ Joseph W. Phebus
    Joseph W. Phebus
    Attorney for Plaintiffs
    PHEBUS & KOESTER
    136 West Main Street
    Urbana, Illinois 61801
    (217) 337-1400
    (217) 337-1607 (fax)
    jwphebus@phebuslaw.com

    s/ Daniel J. Pope
    Attorney for Plaintiffs
    PHEBUS & KOESTER
    136 West Main Street
    Urbana, Illinois 61801

(217) 337-1400
(217) 337-1607 (fax)
dpope@phebuslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edward M. Wagner
HEYL ROYSTER VOELKER & ALLEN
P.O. Box 129
Urbana, Illinois 61801-0129
ewagner@hrva.com

Benjamin W. Hulse
Kirkland & Ellis
200 E. Randolph Dr.
Chicago, Illinois 60601
bhulse@kirkland.com

Travis J. Quick
Kirkland & Ellis
200 E. Randolph Dr.
Chicago, Illinois 60601
tquick@kirkland.com

s/ Joseph W. Phebus
Joseph W. Phebus
Attorney for Plaintiffs
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
(217) 337-1607 (fax)
jwphebus@phebuslaw.com

F:\DOCS\JOE\SANDONE\ABN AMRO\memo in support of Motion to Conduct Discovery.doc