E-FILED
Friday, 09 June, 2006  06:03:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DANIEL V. GONZALES, et al., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-2232 |
| | ) | |
| vs. | ) | Hon. Harold A. Baker |
| | ) | |
| ABN AMRO BANK N.V. and ABN AMRO VENTURES B.V., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFFS'
"MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ORDER"**

Plaintiffs' latest filing, styled as a "Memorandum of Law in Support of Their Motion for Order," is procedurally improper and substantively flawed. Procedurally, the Local Rules do not permit reply briefs in support of discovery motions. *See* Local Rule 7.1(B)(3) ("No reply to the response is permitted."). Plaintiffs filed their "Motion for Order" on May 23 and the ABN AMRO Defendants filed their response on June 5. The briefing should have ended there. *Id.* The Local Rules also forbid Plaintiffs' "Memorandum" for an additional reason: supporting memoranda must be filed at the same time as the original motion, not spread out over two weeks (and after Defendants' response) as Plaintiffs' filing does here. *See* Local Rule 7.1(B)(1). Plaintiffs' attempt to get the last word should be rejected, and their late-filed "Memorandum" stricken.

Substantively, this latest filing not only ignores settled discovery procedures, but is an invitation for reversible error. ***First***, the ABN AMRO Defendants have agreed to produce two current employees—Jan Dykstra and Gerben Kuyper—who work and reside in the Netherlands for deposition in Amsterdam during the week of August 21. Given that the law requires that depositions of foreign employees be taken where they work or reside, *Sears v. American*

*Entertainment Group, Inc.*, No. 94-C-0165, 1995 WL 66411 at 1* (N.D. Ill. Feb. 13, 1995), Plaintiffs have agreed to take those depositions in Amsterdam during the week of August 21. Plaintiffs' "Memorandum" now asks, for the first time, that the Court order the depositions be taken without regard to the rules of the Netherlands or the Hague Convention. That is not the law.

*Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), on which Plaintiffs rely, relates to interrogatories, document requests, and requests for admissions—not depositions. Depositions are entirely different. Federal Rule 28(b) governs depositions taken in foreign countries. For a foreign witness willing to appear for deposition, the deposition must be taken before a person authorized to administer oaths in the foreign country or before a commissioner (someone appointed by the Court). Fed. R. Civ. P. 28(b); *see also How to Conduct International Discovery*, 71 Am. Jur. Trials 1, 22-23. The State Department web site describes who is "authorized to administer oaths" in the Netherlands. *See* http://travel.state.gov/law/info/judicial/judicial_657.html (Ex. A). Those authorized to administer oaths in the Netherlands are a Dutch district judge, a Dutch notary, or a U.S. consular officer. (*Id.*) If Plaintiffs cannot secure a U.S. consular officer, then a Dutch judge or a Dutch notary must administer the oaths and follow Dutch procedures with respect to the interrogation of the witness. (*Id.*) That is the law, plain and simple. There is nothing more on this issue that needs to be ordered.

**Second,** Plaintiffs ask for an order requiring the ABN AMRO Defendants to produce for deposition two former employees not in their control—Roel Schoemaker and Wouter van der Veen—as well as two other Dutchmen—Frits Vromen and H.H.F. Stienstra—who never even worked for the ABN AMRO Defendants and who are (or were) affiliated with an entirely

-2-

different investment bank (called Mercurius Beleggingsmaatschappij BV). Their depositions must proceed through compulsory process. Charles A. Wright, Arthur R. Miller, 8A Federal Practice & Procedure § 2107 (subpoena is not necessary only where the person is a party or an officer, director, or managing agent of a party); *Pettyjohn v. Goodyear Tire & Rubber Co.*, No. 91-2681, 1992 WL 168085 at *1 (E.D. Pa. July 9, 1992) ("Since Hutchinson, Gerbeth, Caine, and Smith are former employees of Goodyear and Motor Wheel, and since plaintiff has not alleged that these individuals are still involved in corporation business in any capacity, this Court has absolutely no basis to compel defendants to produce them. If plaintiff wished to depose these individuals, he was required to subpoena them pursuant to Fed. R. Civ. P. 45"). Under Federal Rule 28(b)(1) and (2), the deposition of these foreign witnesses must be compelled "pursuant to any applicable treaty or convention" or "pursuant to a letter of request." Plaintiffs must follow these rules. Here, too, there is nothing for the Court to order. If Plaintiffs wish to take these depositions, they need to seek to compel them through the established procedures. *See* Articles 1 to 14 of the Hague Convention (establishing the procedures for "letters of request").

*Third,* Plaintiffs nonsensically—and prematurely—ask the Court to preclude the ABN AMRO Defendants from calling as witnesses at trial any foreign witness who Plaintiffs do not ultimately depose. If Plaintiffs wish to take the depositions of these witnesses, they need only proceed through the established procedures. If they elect not to, that is their choice. But that has no bearing on whether the ABN AMRO Defendants can call any of these individuals as witnesses at trial. Plaintiffs cite no law for their premature preclusion request for a good reason—there is none, and certainly no basis for such an unprecedented order here.

*Finally,* without ever having served a document request under Rule 34, Plaintiffs ask this Court to order that the ABN AMRO Defendants produce certain documents. Once Plaintiffs

serve any such requests, the ABN AMRO Defendants will respond and, importantly, are then entitled to assert any objections that may apply (including any based on foreign law). Any remaining disputes can be raised with the Court. That is the process under the Federal Rules. Plaintiffs cannot short-circuit those rules with the sort of informal "discovery request order" they now seek. Here, too, they must follow the rules.

## CONCLUSION

Plaintiffs' procedurally improper "Memorandum" should be stricken under the Local Rules. Regardless, Plaintiffs' requested relief should be denied on the merits for each of the independent reasons set forth above.

Date: June 9, 2006

Respectfully submitted,

/s/ Travis J. Quick
Edward M. Wagner
HEYL ROYSTER VOELKER & ALLEN
102 E. Main Street
Suite 300
P.O. Box 129
Urbana, Illinois  61803-0129
Ph: (217) 334-0060

Benjamin W. Hulse
Travis J. Quick
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Ph: (312) 861-2000
Fx: (312) 861-2200
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph W. Phebus
PHEBUS & KOESTER
136 W. Main St.
Urbana, IL  61801
jwphebus@phebuslaw.com

              /s/ Travis J. Quick