UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIEL V. GONZALES, et al.,  ) | |
| ) | No. 04-2232 |
| Plaintiffs,  ) | |
| ) | Hon. Harold A. Baker |
| vs.  ) | |
| ) | |
| ABN AMRO BANK N.V. and ABN AMRO  ) | |
| VENTURES B.V.,  ) | |
| ) | |
| Defendants.  ) | |

### ABN AMRO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER ORDER AND VACATE JUDGMENT

For two years, the former shareholders of Argus Systems Group, Inc., insisted their claim against the ABN AMRO Defendants was direct, not derivative:

- "Plaintiffs' claim is not derivative."  (1/4/06 Resp. to MTD at 3)

- "This lawsuit is not derivative in nature, as asserted by Defendants."  (7/20/05 Resp. to MTD at 6; 4/14/05 Resp. to MTD at 7)

- "[T]he shareholders now . . . bring this action, are bringing this action in the Central District to try to remedy this situation – not in a derivative manner."  (4/13/05 Hr'g Transcript at 5-6)

- "Sandone does not agree or accept that his said amended complaint against ABN AMRO is a 'shareholder derivative suit' as urged by defendants."  (4/1/05 Emergency Motion for Order of Assignment at ¶ 3)

The Court rejected plaintiffs' argument.  Correctly labeling it a "fanciful spin on the facts," the Court found the claims to be "clearly derivative" and dismissed the case.  (9/14/06 Order at 4-5)

Still, while defendants' motion to dismiss was pending, the plaintiffs took precautions to hedge their bet.  As they put it, "in an abundance of caution" (4/1/05 Emergency Motion for Order of Assignment at ¶ 4), plaintiffs asked the bankruptcy court overseeing the Argus bankruptcy to force the trustee to "assign" them any alleged derivative claim against ABN

AMRO. The bankruptcy court denied the motion, however, and the Honorable Michael P. McCuskey affirmed.

Now, plaintiffs' "fanciful spin" has taken still one more turn. Plaintiffs ask the Court to order what the Supreme Court and Seventh Circuit consider an "extraordinary remedy" under Rule 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2649 (2005) ("our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment"); *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997) (same).[1] A request for relief under Rule 60(b)(6), the "catch-all provision," is even "more demanding" than the other "extraordinary" requests under Rule 60(b). *Long v. City of South Bend*, 2006 WL 2846292 at *3 (7th Cir. Oct. 4, 2006). It is reserved for truly "exceptional circumstances." *Karraker*, 411 F.3d at 847; *Cincinnati Ins.*, 141 F.3d at 628; *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 877 (7th Cir. 1996) ("Relief is available pursuant to 60(b)(6) only in 'exceptional circumstances.'").

There are no "exceptional circumstances" that warrant an "extraordinary" Rule 60(b)(6) remedy here, especially considering that plaintiffs cannot show, as they must, that they are "faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Part.*, 507 U.S. 380,

---

[1] *See also Lowe v. McGraw-Hill Co.*, 361 F.3d 335, 342 (7th Cir. 2004) ("The first five subsections seem to cover the waterfront. The only work for (6) to do is to allow judgments to be set aside . . . when the circumstances of its invocation are 'extraordinary.'"); *Provident Savings Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995) ("In a rule [Rule 60(b)] already limited in application to extraordinary circumstances, proper resort to this 'catch all' provision [Rule 60(b)(6)] is even more highly circumscribed."); *see also In re McDonald*, 118 F.3d 568, 569 (7th Cir. 1997) ("A district judge has discretion to grant relief from judgment under Fed. R. Civ. P. 60(b) but may (and should) indulge a firm presumption against reopening.").

393 (1993). Plaintiffs base their Rule 60(b)(6) motion on a legal theory they could have pursued years ago. They had nearly three and a half years to pursue an "abandonment" in the bankruptcy court. Instead, plaintiffs steadfastly argued to this Court that their claim was direct, not derivative. Then they sought an "assignment" in the bankruptcy court rather than an "abandonment." Only now, ***post-judgment***, and ***after*** their arguments and appeals have proven unsuccessful, do plaintiffs ask for a forced abandonment by the bankruptcy court. Not only is plaintiffs' new theory unavailing,[2] it also cannot be used to save their claims in this case in any event. The law is crystal clear: parties cannot use Rule 60(b)(6) to advance a new legal theory that could (and should) have been pursued earlier. *Karraker*, 411 F.3d at 837 (Rule 60(b)(6) "is not an appropriate place to slip in arguments that should have been made earlier"); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247 (7th Cir. 1995) ("We have repeatedly stated that post-judgment motions cannot be used to raise arguments or legal theories that could have been and should have been brought before judgment."); *Lee v. Village of River Forest*, 936 F.2d 976, 980 (7th Cir. 1991) (affirming denial of Rule 60(b)(6) relief where plaintiff sought to bring state-law claims that he could have previously asserted but did not); *Manley v. City of Chicago*, No. 97-C-0182, 1999 WL 1270970 at *3 (N.D. Ill. Dec. 28, 1999) (denying 60(b)(6) motion; "Neither inexcusable attorney negligence nor failing to raise all available theories before entry of judgment justifies relief under Rule 60(b)(6)").

---

[2] The former shareholders' request in the bankruptcy court suffers from several procedural and substantive infirmities – it is barred by basic res judicata principles; it asks for the abandonment of an asset the trustee no longer owns; and it fails to show how what plaintiffs allege is a $60 million claim is of "inconsequential value." Each of these points is detailed in ABN AMRO's objection to the former shareholders' motion. (Ex. 1, Opposition of ABN AMRO to Former Shareholders' Motion to Require Trustee to Abandon Claims (without exhibits))

**CONCLUSION**

Put simply, plaintiffs improperly ask this Court for an "extraordinary" and "exceptional" remedy that is plainly unavailable in these circumstances. Plaintiffs carefully selected their legal theories and arguments. They did not pan out. Plaintiffs' option now is to appeal the Court's dismissal to the Seventh Circuit. Relief under Rule 60(b)(6), however, is unavailable.

Date: October 16, 2006                                   Respectfully submitted,

/s/ Travis J. Quick
Andrew A. Kassof
Travis J. Quick
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Phone: (312) 861-2000
Fax: (312) 861-2200
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph W. Phebus
Daniel J. Pope.
PHEBUS & KOESTER
136 W. Main St.
Urbana, IL  61801

                                      /s/ Travis J. Quick