UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL V. GONZALES, JAY A. KASMERCHAK, PAUL A. FREDERICK, RICHARD A. RODRIGUES, PHILLIP G. SAWICKI, JOHN J. KELLER, and LON P. FREDERICK, <br><br>  Plaintiffs, <br><br> v. <br><br> ABN AMRO BANK N.V., Amsterdam, a Dutch corporation; and ABN AMRO VENTURES B.V., Amsterdam, a Dutch corporation, <br><br>  Defendants. | 04-2232 |

## ORDER

This purported class action suit was dismissed by the court on September 14, 2006. The factual basis for the suit is briefly recounted below.

The named plaintiffs are former shareholders of the dissolved corporation Argus Systems Group, Inc. ("Argus"). In late 2001, the defendants (collectively, "ABN") entered into an agreement to purchase a minority stake in Argus. In conjunction with the purchase of its minority stake, ABN acquired the right to appoint one member to Argus's board of directors; ABN appointed its employee, Keith Walz, to the position.

The shareholders allege that ABN shared substantial business interests with Mercurius Beleggingsmaatschappij ("Mercurius") and, as a consequence of that relationship, ABN had an interest in promoting the profitability of Mercurius over that of Argus. ABN and Mercurius made loans to Argus with the option or intention of converting those loans to equity in Argus common stock, which would have given ABN and Mercurius a majority stake in Argus. Instead of doing so, however, Mercurius filed bankruptcy, which forced Argus into bankruptcy. ABN and Mercurius, as creditors, had priority over Argus's shareholders in the bankruptcy proceeding.

This court's September 14, 2006, order dismissed the shareholders' claims. The shareholders had alleged financial injury flowing from their status as shareholders of Argus; they were deprived of lost profits because Argus failed. The court ruled that these claims were not individualized; rather, they were derivative claims belonging to Argus. Because Argus had filed bankruptcy, the discretion to pursue those claims rested with the bankruptcy trustee. The shareholders disagreed; to their way of thinking, unless a claim is assigned to (or acquired by) a creditor or otherwise disposed of by the bankruptcy trustee, the claim survives the bankruptcy and

passes to the shareholders.

Subsequently, the shareholders filed a motion with the bankruptcy court to require the trustee to abandon the claim, and a motion to amend Argus's Schedule B List of Assets to include the claims dismissed by this court. The shareholders also moved this court, pursuant to Federal Rule of Civil Procedure 60(b)(6), to vacate the dismissal of their case, hold the matter in abeyance until the bankruptcy court ruled on the motions, and then determine whether, by virtue of abandonment or by virtue of a chose in action remaining upon dissolution and termination,[1] the shareholders had standing to assert the claims forming the basis for this case.

In their motion before the bankruptcy court, the shareholders argued that the bankruptcy trustee had, earlier in the bankruptcy proceeding, refused to bring claims against ABN because the trustee believed it to be a fight between shareholders that he did not want a part of. The bankruptcy court declined to amend Argus's list of assets and denied the motion to require the trustee to abandon the claim, based on its prior order "and the *res judicata* effect of that order."

The gist of the shareholders' argument on the motion for reconsideration is that the trustee's failure to abandon the claim during the pendency of the bankruptcy proceeding allows the shareholders to proceed on their claim. This argument is unavailing. "If *scheduled* property is not administered by the trustee, it is deemed abandoned to the debtor." *See* 1 Ginsberg & Martin on Bankruptcy § 506[B][1] (emphasis added). If a cause of action does not appear on the debtor's schedules, it is not abandoned when the case is closed; consequently "the defendant can get the lawsuit dismissed on standing grounds because the suit is still property of the estate and thus the trustee, not the debtor, is the proper party plaintiff." *See* 1 Ginsberg & Martin on Bankruptcy § 506[B][1].

For the foregoing reasons, the motion for reconsideration [55] is denied. The shareholders' conclusory assertion that they have standing to proceed on these claims is ineffectual in light of the facts and procedural history of this case; consequently, the shareholders' motion to amend the complaint [56] is denied. The motion for oral argument [63] and motion to strike [64] are denied as moot.

Entered this 9th day of May, 2007.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[1] This assumes, of course, that the trustee's sale by auction of all of Argus's personal property to Innovative Security Systems somehow *excluded* the claim against ABN. The trustee advised the bankruptcy court that by virtue of that sale, he believed he no longer owned the interest sought by the shareholders.